EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Pedro Quiñones Román<br>      Demandante-Recurrido<br><br>      v.<br><br>Compañía ABC H/N/C<br>Supermercado Pueblo<br>      Demandado-Peticionario | Certiorari<br><br>2000 TSPR 160 |
| --- | --- |

Número del Caso: CC-1998-744

Fecha: 31/octubre/2000

Tribunal de Circuito de Apelaciones:

                    Circuito Regional IV

Juez Ponente:

                    Hon. José M. Aponte Jiménez

Abogado de la Parte Demandada-Peticionaria:

                    Lcdo. Antonio F. Molina Pérez


Abogada de la Parte Demandada-Recurrida:

                    Lcda. Vilma A. Vega Saavedra

Materia: Daños y Perjuicios


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pedro Quiñones Román

Recurrido

v.                                              CC-1998-744

Compañía ABC H/N/C
                        Supermercado Pueblo

Peticionario

Opinión del Tribunal emitida por la Juez Asociada Señora Naveira de Rodón.


San Juan, Puerto Rico, a 31 de octubre de 2000

Hoy nos toca resolver si a una corporación foránea que: (i) está autorizada a hacer negocios en Puerto Rico; (ii) opera una cadena de supermercados a todo lo ancho y lo largo de Puerto Rico; (iii) y que tiene oficinas corporativas en un pueblo de la isla, se le puede emplazar, con relación a una reclamación de daños, a través del gerente del supermercado de la cadena donde ocurrieron los hechos que motivaron la presentación de la demanda, por ser éste un **gerente administrativo** a tenor con lo dispuesto en la Regla 4.4(e) de Procedimiento Civil, 32 L.P.R.A. Ap. III.

A continuación haremos un breve resumen de los hechos pertinentes.

I

En noviembre de 1995, el Sr. Pedro Quiñones Román presentó una demanda contra la Compañía ABC H/N/C Supermercado Pueblo (en adelante Supermercado Pueblo), ante el Tribunal de Primera Instancia, Sala Superior de Ponce.[1] Reclamó indemnización por los daños y perjuicios sufridos como consecuencia de una caída en el Supermercado Pueblo localizado en el Centro Comercial del Sector Cuatro Calles de Yauco (en adelante Supermercado Pueblo de Yauco). A los fines de diligenciar el emplazamiento expedido, el 15 de marzo de 1996 el Sr. Luis E. Rivera le entregó copia del mismo y de la demanda al Sr. Gerardo Rivera, gerente del susodicho supermercado. En el diligenciamiento del emplazamiento hizo constar que se había notificado personalmente al señor Gerardo Rivera, gerente de Pueblo Supermarket. La demanda nunca fue contestada, por lo que, a petición de la parte demandante, se anotó la rebeldía. Siete (7) meses después de haberse diligenciado el emplazamiento, se celebró la vista en rebeldía. Luego de la cual, el 5 de diciembre de 1996, el foro de instancia dictó sentencia declarando con lugar la demanda y condenando a Supermercado Pueblo al pago de treinta mil dólares ($30,000) por concepto de los daños físicos y emocionales sufridos por el demandante. El tribunal notificó la sentencia a la Compañía ABC H/N/C Supermercado Pueblo por conducto del Sr. Gerardo Rivera, Gerente del Supermercado Pueblo de Yauco.

Posteriormente, para satisfacer la sentencia, el señor Quiñones Román obtuvo una orden de embargo contra los bienes del Supermercado Pueblo. Así las cosas, unos alguaciles se personaron al Supermercado Pueblo de Yauco para ejecutar el embargo. El gerente del supermercado en ese momento, el Sr. Julio Bracero, notificó por vía telefónica de la situación a las oficinas centrales de Pueblo Internacional, Inc. en Carolina.[2] Ello provocó que

---

[1] Cabe señalar que el verdadero nombre de la demandada es Pueblo International, Inc. También fueron incluidos como demandados a John Doe, la Compañía X, la Compañía Z y la Aseguradora ABC.

[2] Pueblo International, Inc. es el nombre correcto de la demandada. Véase esc. 1.

Pueblo International, Inc. compareciera ante el foro de instancia, "sin someterse a la jurisdicción del tribunal", mediante moción urgente solicitando relevo de sentencia por falta de jurisdicción sobre su persona. Alegó la nulidad del emplazamiento por éste haber sido diligenciado en la persona del Sr. Gerardo Rivera, que no estaba autorizado para recibir emplazamientos a nombre de la corporación, Pueblo International, Inc. Solicitó se dejase sin efecto la sentencia. Arguyó además que la corporación tampoco fue notificada de la sentencia dictada. Afirmó que el gerente del Supermercado Pueblo de Yauco no era una de las personas designadas para recibir emplazamientos conforme a la Regla 4 de Procedimiento Civil, 32 L.P.R.A. Ap. III y la Ley General de Corporaciones. Solicitó la paralización del embargo y que se le concediera treinta (30) días para contestar la demanda una vez se le hubiera diligenciado el emplazamiento en la forma correcta a tenor con lo dispuesto en el Art. 13.12 de la Ley Núm. 144 de 10 de agosto de 1995, conocida como Ley General de Corporaciones de 1995, 14 L.P.R.A. sec. 3172 (en adelante Ley General de Corporaciones de 1995).[3]

Ese mismo día, el tribunal de instancia, en vista del planteamiento de ausencia de jurisdicción sobre la persona del demandado Supermercado Pueblo por alegado defecto en el emplazamiento y la notificación de la sentencia, ordenó la paralización del embargo y señaló una vista en torno a la solicitud de relevo de sentencia.

El día de la vista, el demandante presentó un escrito mediante el cual sostuvo la validez del emplazamiento diligenciado al gerente del Supermercado Pueblo de Yauco.[4] En la vista, la parte demandada presentó como

---

[3] Aunque hizo mención del Art. 12.01, de la Ley General de Corporaciones de 1995, 14 L.P.R.A. 3126, el artículo aplicable al emplazamiento de corporaciones foráneas autorizadas a hacer negocios en Puerto Rico, es el Art. 13.12, 14 L.P.R.A. sec. 3172.

[4] Posteriormente, la parte demandante sometió una declaración jurada del emplazador en la que éste hizo constar que diligenció el emplazamiento personalmente entregándole copia al Sr. Gerardo Rivera quien se identificó como el "gerente administrativo" del Supermercado Pueblo, lugar donde ocurrió el accidente por el que se reclama en la demanda presentada. También explicó cómo realizó el emplazamiento.

El 30 de septiembre de 1997, el tribunal de instancia emitió orden en la que requirió devolver la declaración jurada al demandante bajo el fundamento de que el emplazador no había testificado en la vista y, por lo

testigo al Sr. Edmundo Linera. Éste declaró que los gerentes de los supermercados, propiedad de la demandada Pueblo International, Inc., son gerentes operacionales que se limitan a la administración del supermercado en particular de que se trate. Éstos no realizan gestión alguna relativa a la dirección de la Corporación.

A la luz de estos hechos el foro de instancia decretó la nulidad del emplazamiento, dejó sin efecto la sentencia dictada en rebeldía y ordenó la expedición de nuevos emplazamientos. El tribunal concluyó que el gerente de una tienda de la cadena de Supermercados Pueblo **no** es un oficial o agente autorizado por nombramiento o designado por ley para recibir emplazamientos y que tampoco cualifica como "gerente administrativo" para efectos de la Regla 4.4(e) de Procedimiento Civil. Indicó que los deberes y funciones del gerente de la tienda se circunscribían a la operación de la misma y que éste no participaba, ni tenía contactos diarios con los oficiales corporativos. Determinó, además, que la notificación de la sentencia en rebeldía a Pueblo International, Inc. no se efectuó de acuerdo a las Reglas 46 y 65.3(b) de Procedimiento Civil.

Inconforme, la parte demandante presentó un recurso de certiorari ante el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito). Planteó que erró el tribunal de instancia al decretar la nulidad del emplazamiento diligenciado en la persona del gerente a cargo de las operaciones del Supermercado Pueblo de Yauco y, además, al dejar sin efecto la sentencia dictada en rebeldía por razón de que no se notificó la misma conforme a derecho.

El 22 de junio de 1998, el Tribunal de Circuito, previo trámite para mostrar causa, dictó sentencia mediante la cual revocó la resolución recurrida. Al así resolver el tribunal apelativo determinó que, para los propósitos del diligenciamiento del emplazamiento a la corporación foránea autorizada a hacer negocios en Puerto Rico, Pueblo International, Inc., el

---

tanto, la utilización de su declaración jurada tenía el efecto de privar a la demandada de contrainterrogar al emplazador. Aunque la corrección de esta orden se podría examinar al resolver el asunto planteado sobre la

gerente de uno de los supermercados de la cadena, a cargo de las operaciones administrativas, es el "gerente administrativo" al que alude la Regla 4.4.(e) de Procedimiento Civil. Entendió que existía una razonable certeza de que la corporación sería notificada de la acción instada en su contra. No obstante, resolvió que la notificación de la sentencia en rebeldía no se efectuó conforme a derecho, ya que no se notificó a la última dirección conocida de la corporación demandada según lo requiere la Regla 65.3 de Procedimiento Civil. En vista de ello, devolvió el caso al foro de instancia para que este procediese a notificar correctamente la sentencia dictada en rebeldía a la parte demandada, de manera que pudiese comenzar a decursar el término provisto para que la sentencia pudiese revisarse o advenir final y firme, según fuere el caso.

De esta sentencia acudió ante nos la parte demandada peticionaria, Pueblo International, Inc., con los siguientes señalamientos de error:

> **Erró el Tribunal de Circuito de Apelaciones al determinar que para el emplazamiento de Pueblo International, Inc. aplicaban las Reglas de Procedimiento Civil.**
>
> **Erró el Tribunal de Circuito de Apelaciones al equiparar las funciones del Gerente del Supermercado Pueblo de Yauco a las de un Gerente Administrativo ("managing agent"), en ausencia de prueba en los autos en Instancia, a esos efectos.**
>
> **Erró el Tribunal de Circuito de Apelaciones al utilizar el caso de Safeway Store, Inc. v. Ramírez, 400 P 2d 125 (Az. 1965) como caso normativo, cuando el mismo es distinguible del caso de autos.**

Decidimos revisar y expedimos el recurso. Con el beneficio de la comparecencia de las partes procedemos a resolver.

II

> Las Reglas de Procedimiento Civil se inspiran armoniosamente en tres valores fundamentales de justicia, rapidez y economía, enmarcados en la norma de buena fe que debe permear la tramitación de toda causa de acción. Para que ello se logre se requiere un enfoque integral, pragmático y creativo de nuestro ordenamiento procesal y sustantivo que con voluntad, sinceridad y acción, le dé vida a dichos valores y los convierta en vivencias y realidades cotidianas, atendiendo así las altas expectativas de nuestro contorno social. Neptune Packing Corp. v. Wackenhut Corp., 120 D.P.R. 283, 288 (1988).

---

nulidad del emplazamiento, no lo haremos por no ser necesario a la luz de la conclusión a la cual llegamos.

El emplazamiento es el mecanismo procesal mediante el cual se le notifica al demandado de la reclamación en su contra y el tribunal adquiere jurisdicción sobre su persona para resolver el asunto. Reiteradamente hemos resuelto que "para que un tribunal pueda hacer efectiva su autoridad para considerar y decidir sobre un asunto, el método de notificación tiene que ser uno que ofrezca una probabilidad razonable de informarle [al demandado] ... sobre la acción entablada en su contra, de forma tal, que pueda comparecer a defenderse si así lo desea." Peguero y otros v. Hernández Pellot, Op. de 14 de noviembre de 1995, 139 D.P.R. ___ (1995), 95 JTS 156, a la pág. 343; Pou v. American Motors Corp., 127 D.P.R. 810 (1991); Rodríguez v. Nasrallah, 118 D.P.R. 93 (1986). Debido a que el emplazamiento es un imperativo constitucional del debido proceso de ley, hemos exigido un cumplimiento estricto cuando se trata de sus requisitos. First Bank of P.R. v. Inmob. Nac., Inc., Op. 2 de marzo de 1998, 144 D.P.R. ___ (1998), 98 TSPR 18, 98 JTS 18; Rodríguez v. Nasrallah, supra; Riego Zúñiga v. Líneas Aéreas LACSA, Op. de 14 de noviembre de 1995, 139 D.P.R. ___ (1995), 95 JTS 155. Dada su naturaleza, también hemos resuelto que "en forma alguna viene obligado un demandado a cooperar con el demandante en la realización por éste del diligenciamiento del emplazamiento. (Caso omitido.) Los demandados tienen un derecho a ser emplazados conforme a derecho y existe en nuestro ordenamiento una política pública de que la parte demandada debe ser emplazada debidamente para evitar fraude y que se utilicen procedimientos judiciales para privar a una persona de su propiedad sin el debido proceso de ley." First Bank of P.R. v. Inmob. Nac., Inc., supra.

En cuanto al emplazamiento de una corporación foránea autorizada para hacer negocios en Puerto Rico, tanto bajo la anterior Ley General de Corporaciones de 1956, Ley Núm. 3 de 9 de enero de 1956, según enmendada, 14 L.P.R.A. secs. 1101 et seq., como bajo la actual Ley General de Corporaciones de 1995, Ley Núm. 144 de 1 de agosto de 1995, 14 L.P.R.A. secs. 2601 et seq., que entró en vigor el 1 de enero de 1996, el emplazamiento se puede hacer por medio de un agente residente designado por la corporación o según lo dispone la Regla 4.4(e) de Procedimiento Civil. Art. 1404 de la Ley General de Corporaciones de 1956, 14 L.P.R.A. 2404; Art. 13.12 de la Ley General de Corporaciones de 1995, 14 L.P.R.A. sec. 3172; Riego Zúñiga v. Líneas Aéreas LACSA, supra; Díaz Olivo, Carlos E., Derecho Corporativo – Corporaciones, Sec. 13.05, pág. 315, Publicaciones Puertorriqueñas, 1999; Cuevas Segarra, José A., Tratado de Derecho Procesal Civil, Tomo I, Regla 4.4, págs. 159 – 165, Pub. JTS, 2000.[5]

Por su parte, la Regla 4.4(e) de Procedimiento Civil dispone que se puede emplazar a una corporación entregando copia del emplazamiento y de la demanda a un oficial, **gerente administrativo** o agente general o cualquier otro agente autorizado por nombramiento o

---

[5] Aunque la demanda en este caso se presentó en noviembre del 1995, cuando aún estaba en vigor la Ley General de Corporaciones de 1956, no fue sino hasta marzo de 1996 cuando se diligenció el emplazamiento. Para esta fecha

designado por ley para recibir emplazamientos.  Esta disposición tiene su génesis en la Regla 4(d)(3) de Procedimiento Civil Federal.  Sin embargo, el estándar federal sobre a quien se puede considerar un agente general o un **gerente administrativo** puede ser distinto al estatal dependiendo los requisitos que jurisprudencial o estatutariamente definan este término en la jurisdicción de que se trate.  Ahora bien, lo verdaderamente importante para que una persona pueda cualificar como **agente administrativo** a través de quien se pueda emplazar a una corporación foránea autorizada a hacer negocios en Puerto Rico es que éste esté en una posición de suficiente responsabilidad como para que sea razonable presumir que le transmitirá o remitirá a sus superiores el emplazamiento y la demanda.  Véase, Wright and Miller, Federal Practice and Procedure, Vol. 4A, Ch. 3, Sec. 1103, West Pub., 1987.

Con relación al término **gerente administrativo**, el reconocido tratadista corporativo Fletcher nos indica que los tribunales, tanto estatales como federales, se inclinan a darle una interpretación liberal para así facilitar el que se pueda adquirir jurisdicción sobre una corporación.  Fletcher, Cyclopedia of the Law of Private Corporations, Vol. 18A, Sec. 8746, pág. 97, West Pub., 1997.  Esta misma tendencia de facilitar el emplazamiento de corporaciones lo refleja nuestra nueva Ley General de Corporaciones de 1995.  Véanse los Arts. 13.12 y 12.01 de la Ley General de Corporaciones de 1995.  Véase, además, Cuevas Segarra, supra.

Hace ya casi medio siglo que en cuanto a una corporación extranjera, no autorizada a hacer negocios en Puerto Rico, identificamos como uno de los criterios para determinar si la persona emplazada se podía considerar **gerente administrativo**, para propósitos de determinar contactos mínimos y si se podía emplazar a la corporación a través de él, el que éste controle, dirija o supervise un negocio corporativo.  Schwartz v. Tribunal de Distrito, 73 D.P.R. 856, 872 (1952).[6]

No hemos tenido la oportunidad de interpretar este término a la luz de los cambios más recientes en las reglas, los estatutos relacionados tanto con el sistema judicial, como con la ley de corporaciones, y la jurisprudencia atinente a ambos.

En el ámbito procesal civil, al interpretar las reglas que regirán y guiarán los procesos, siempre hay que tener presente el principio cardinal de hermenéutica que especifica que las normas procesales no tienen vida propia, sino que existen para facilitar los procedimientos y velar porque éstos se agilicen y conduzcan de forma justa, rápida y económica.  Regla 1 de Procedimiento Civil; Lluch v. España Service Sta., 117 D.P.R. 729, 751 (1986).

---

ya hacía más de dos meses que había entrado en vigor la Ley General de Corporaciones de 1995.

[6]    Este caso fue decidido al amparo de las Reglas de Procedimiento Civil de 1943.  Como podrá observarse estas fueron aprobadas antes que nuestra Constitución.

De otra parte, en la Exposición de Motivos de la Ley de la Judicatura de Puerto Rico de 1994,[7] se expresó que ante la realidad social y económica de nuestro país se hacía necesaria una revisión abarcadora del sistema judicial. Se especificó, como una de las metas de la reforma, el proveerle igual y fácil acceso a todas las personas a los servicios que presta la Rama Judicial. Se identificó como uno de los mecanismos para lograr este fin, el que los servicios se pudiesen ofrecer en sitios cercanos a la residencia de los usuarios, o sea, de aquellas personas que tienen necesidad de acudir al foro judicial a reclamar algún derecho o resolver alguna controversia.

Como parte del plan para lograr esta meta se aumentó el número de sedes y salas del Tribunal de Primera Instancia, se dispuso para que eventualmente se convirtieran todas las sedes del Tribunal de Distrito en sedes del Tribunal de Primera Instancia. Además, se aumentó sustancialmente el número de jueces municipales y se crearon (3) plazas adicionales de jueces superiores y se dispuso que se podrían celebrar sesiones en todos los municipios. Art. 5.005 de Ley de la Judicatura de 1994, 4 L.P.R.A. sec. 22q. También se permitió la radicación de recursos ante el Tribunal de Circuito presentándolos en dicho Tribunal o en el tribunal de instancia donde se dictó la sentencia o resolución que se pretende revisar. Regla 53.1(e)(3) de Procedimiento Civil. De esta forma se hicieron más asequibles a los usuarios los servicios que la Rama Judicial ofrece.

Como podrá observarse, la intención fue el lograr que los ciudadanos pudieran hacer sus reclamos en los tribunales más cercano, de modo que no tuvieran que desplazarse distancias considerables con los gastos que esto inevitablemente entraña.

Con estas normas procesales en mente, analizaremos el caso ante nuestra consideración.

III

De los hechos relatados se desprende que el demandado Pueblo International, Inc., es una corporación foránea autorizada a hacer negocios en Puerto Rico que, a tenor con el estado de derecho vigente, tanto ahora como al momento de realizarse el diligenciamiento del emplazamiento, podía ser emplazada por los métodos dispuestos en la Ley General de Corporaciones, del 1956 o 1995, según fuere el caso, o de la manera permitida por la Regla 4.4(e) de Procedimiento Civil. Art. 13.12 de la Ley General de Corporaciones de 1995, supra; Art. 1401 de la Ley General de Corporaciones de 1995, supra; Riego Zúñiga v. Líneas Aéreas LACSA, supra; Regla 4.4(e) de Procedimeinto Civil.

En este caso el demandante optó por utilizar el método establecido en las Reglas de Procedimiento Civil. Consideró que el gerente operacional del Supermercado Pueblo de Yauco,

---

[7] Plan de Reorganización Núm. 1 de la Rama Judicial de 28 de julio de 1994.

el Sr. Gerardo Rivera, era un **gerente administrativo** para propósitos de dicha Regla, a través del cual se podía emplazar a la corporación demandada. Le asiste la razón. Veamos.

El señor Rivera, como gerente de un supermercado de la cadena Pueblo, tenía a su cargo la administración del mismo. Es decir, controlaba, dirigía y supervisaba las operaciones del mismo. Era, pues, un gerente operacional que, aunque administraba las operaciones diarias del supermercado, no realizaba gestión alguna relativa a la dirección de la corporación en sí. La corporación, Pueblo International, Inc., a su vez, opera una cadena de supermercados a través de toda la Isla y tiene sus oficinas corporativas en Carolina.

Las gestiones específicas de la corporación demandada en este caso comenzaron cuando el gerente del Supermercado de Yauco llamó a las oficinas corporativas en Carolina para informarles que en el supermercado se habían personado unos aguaciles con la intención de ejecutar un embargo en cumplimiento de una sentencia dictada contra Pueblo International, Inc. Algún tiempo antes, el demandante, Quiñones Román, había presentado ante el Tribunal de Primera Instancia, Sala Superior de Ponce, la demanda que originó la sentencia en rebeldía que se pretendía ejecutar. Había reclamando daños y perjuicios sufridos como consecuencia de una caída ocurrida precisamente en el Supermercado Pueblo de Yauco que administraba el señor Rivera.

De los hechos antes relatados se puede colegir con meridiana claridad que el gerente operacional de un Supermercado Pueblo de Yauco ostentaba una posición de suficiente responsabilidad como para que una persona razonable pudiese presumir que transmitiría o remitiría a sus superiores cualquier emplazamiento y demanda que recibiese dirigido contra su patrono, Pueblo International Inc., especialmente las relacionadas con incidentes ocurridos en el supermercado que administraba. Así quedó demostrado cuando los alguaciles fueron a embargar y el gerente operacional se comunicó con las oficinas centrales para informarles lo sucedido.

Procedemos a resolver, tomando en consideración los propósitos sobre emplazamientos de las disposiciones de las Leyes General de Corporaciones, tanto la de 1956 como la de 1995 y de las Reglas de Procedimiento Civil, las metas de la Reforma Judicial iniciada en 1994, y el mandato constitucional del debido proceso de ley que exige que el método que se utilice para emplazar sea uno que, con relativa certeza, asegure que el demandado será informado de la reclamación en contra. Resolvemos, que bajo las circunstancias de este caso, el gerente operacional del Supermercado Pueblo de Yauco era un **gerente administrativo** para propósitos de la Regla 4.4(e) de Procedimiento Civil. Por lo tanto, el demandado Pueblo International, Inc., una corporación foránea autorizada a hacer negocios en Puerto Rico, podía ser emplazada mediante la entrega a dicho gerente de copia del emplazamiento y la demanda. Esto significa que a una corporación foránea autorizada a hacer negocios en Puerto Rico se le puede emplazar, con relación a una demanda donde se hace una reclamación sobre

un incidente o asunto ocurrido en o relacionado con el supermercado que administra dicho gerente, entregándole a éste copia del emplazamiento y la demanda.

Tampoco cabe duda que, bajo los hechos de este caso, el permitir el emplazamiento de la corporación foránea a través del gerente operacional del supermercado no violenta la norma constitucional del debido proceso de ley. El emplazamiento se hizo en el lugar o región donde ocurrió el accidente y se va a dilucidar el caso. Esto, además de cumplir con uno de los propósitos o metas de la Reforma Judicial que se inició en el 1994 y de la Regla 1 de Procedimiento Civil, la de facilitarle a los usuarios el acceso a los tribunales y minimizar los costos del litigio, no resulta oneroso para la corporación.

Cabe señalar también, que el hecho de que la corporación instruya a sus gerentes operacionales que dirijan o refieran a los emplazadores a las oficinas corporativas principales y que en éstas tengan todo un sistema de organización interna para atender estos asuntos, no quiere decir que por ley no se pueda emplazar a la corporación en otro lugar y que dicho emplazamiento no sea válido.[8]

Por las razones antes expuestas, se confirma la sentencia del Tribunal de Circuito de Apelaciones y se devuelve el caso para que sea atendido de forma compatible con lo aquí resuelto.

Se dictará la correspondiente sentencia.[9]

Miriam Naveira de Rodón
Juez Asociada

---

[8] De acuerdo al testimonio del señor Linare, testigo de Pueblo International, Inc., esto era lo que hacían los gerentes de los Supermercados Pueblo y la forma en que la corporación tramitaba tales asuntos.

[9] La parte de la sentencia dictada por el Tribunal de Circuito que discute y decide que la notificación de la sentencia emitida en rebeldía por el foro de instancia fue inválida, no ha sido cuestionada.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pedro Quiñones Román

Recurrido

v.

CC-1998-744

Compañía ABC H/N/C
Supermercado Pueblo

Peticionario

SENTENCIA

San Juan, Puerto Rico, a 31 de octubre de 2000

Por los fundamentos expuestos en la Opinión que antecede, se dicta sentencia y se confirma la emitida por el Tribunal de Circuito de Apelaciones. Se devuelve el caso a dicho tribunal para que sea atendido de forma compatible con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Hernández Denton hace constar que disiente por entender que, en estricto derecho, el emplazamiento de una corporación foránea por el mecanismo dispuesto en la Reglas de Procedimiento Civil debe emplearse sólo cuando, mediante la debida diligencia, no ha podido emplazarse a su agente residente, según disponen los Arts. 12.01(b), 13.06(b), 13.10(a) y 13.12 de la Ley General de Corporaciones, 14 L.P.R.A. secs. 3126(b), 3166(b), 3170(a) y 3172. El Juez Asociado señor Rivera Pérez se unió a dicha expresión.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo