# 2008 DTA 70

### TRIBUNAL DE APELACIONES
### REGIÓN JUDICIAL DE SAN JUAN

CARMEN B. RODRÍGUEZ TORRES
Recurrida

v.

CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO
Peticionaria

Núm. KLCE-2007-01044

San Juan, Puerto Rico, a 12 de mayo de 2008

Panel integrado por su Presidenta, la Juez García García,
la Juez Varona Méndez y el Juez Cabán García

García García, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece ante nos la Corporación del Fondo del Seguro del Estado (en adelante la peticionaria) para solicitarnos la expedición del auto de certiorari y la revocación de la Resolución emitida por el Tribunal de Primera Instancia (en adelante TPI) el 7 de junio de 2007. En ésta se denegó la moción de relevo de sentencia presentada por la peticionaria por alegada falta de jurisdicción al no haber sido debidamente emplazada y por la existencia de cosa juzgada.

Ante la incomparecencia de la recurrida, el caso quedó sometido para adjudicación. Examinado el recurso y el derecho aplicable, procedemos a resolver.

**I**

En febrero de 2000, la Sra. Carmen B. Rodríguez Torres (en adelante la recurrida) presentó una demanda ante el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico, en contra de la peticionaria y al amparo de la American With Disabilities Act of 1990, 42 U.S.C.A. §§ 12101 et seq. (en adelante A.D.A.). Dos años después, en enero de 2002, este tribunal emitió una orden desestimando el pleito por motivo del acuerdo transaccional habido entre las partes durante la conferencia con antelación a juicio y vista transaccional por la suma de $62,500.00. Estipularon, entre otras cosas, que la transacción sería únicamente en cuanto a la reclamación presentada al amparo de la ley federal A.D.A.

Por otro lado, previo a finalizado el pleito en el tribunal federal, en noviembre de 2000, la recurrida presentó

demanda ante el TPI en contra de la peticionaria por los mismos hechos presentados ante el foro federal. No obstante, la acción se basó únicamente en la ley estatal. La recurrida alegó despido injustificado, discrimen por impedimento y represalias. Entre otras cosas, solicitó la reinstalación a su puesto, acomodo razonable o el pago de los salarios futuros hasta la edad de 70 años.

Surge del expediente que la peticionaria fue emplazada por la recurrida por conducto de la Lcda. Yanira Viera Barbosa (en adelante la Lcda. Viera), quien para esa época se desempeñaba como Administradora de Servicios Legales de la CFSE y era la funcionaria autorizada para recibir los emplazamientos sobre reclamaciones judiciales presentadas en contra de la corporación. Sin embargo, esta última alegó no haber recibido el emplazamiento y que en las bitácoras de la peticionaria no constaba dicho hecho.

En vista de que la peticionaria no compareció ante el TPI para defenderse de los planteamientos de la recurrida en su demanda, el foro de instancia dictó una orden anotándole rebeldía y señaló la celebración de una vista en su fondo. Surgió controversia en cuanto al recibo de la notificación de la referida orden, puesto que fue enviada a la dirección: Carretera 21, Edificio Central del FSE, Segundo piso, San Juan PR, 00902. Sin embargo, indicó la peticionaria que la dirección correcta era: PO BOX 365028, San Juan, PR 00936-5028.

La vista en rebeldía fue celebrada en septiembre de 2001 en ausencia de la peticionaria. Durante ésta, el TPI solicitó a la recurrida que sometiera un proyecto de sentencia. Seguido, el TPI dictó sentencia en rebeldía el 22 de enero de 2002, notificada de su archivo en autos el 14 de marzo de 2002. En la sentencia ordenó a la peticionaria compensar a la recurrida por la cantidad de $46,466.00, más $5,000.00 por concepto de honorarios de abogado. Cabe destacar que, en esta ocasión, la notificación de la sentencia fue realizada a la dirección que señaló la peticionaria como correcta.

El mismo día de notificada la sentencia, la peticionaria obtuvo copia del expediente. Semanas después, el 3 de abril del mismo año, presentó una moción de relevo de sentencia al amparo de la Regla 49.2 de Procedimiento Civil. En síntesis, alegó falta de jurisdicción sobre su persona por falta de emplazamiento, cosa juzgada y fraccionamiento de causa de acción. El TPI denegó la moción de relevo, por lo que la peticionaria presentó oportunamente la correspondiente moción de reconsideración, la cual no fue acogida por el tribunal.

Inconforme, la peticionaria acudió en recurso de *certiorari* ante este Tribunal. En esta primera ocasión, otro panel de este Tribunal determinó que el TPI no podía denegar la moción de relevo de sentencia sin detallar los fundamentos que le permitieron llegar a su conclusión. Por ello, dejó sin efecto la resolución antes mencionada y ordenó la celebración de una vista evidenciaria. Acatando la orden, el foro de instancia procedió a celebrar una vista evidenciaria en marzo de 2004. Sin embargo, el TPI se limitó en dicha vista a dilucidar el alcance del acuerdo transaccional del caso federal. Además, reiteró su denegación a la solicitud de relevo de sentencia presentada por la recurrida.

En desacuerdo, la peticionaria compareció nuevamente ante este Tribunal mediante recurso de *certiorari*, planteando que el TPI erró al no considerar el planteamiento de falta de jurisdicción de conformidad con lo ordenado por este Foro. En abril de 2006, nuevamente se ordenó al TPI la celebración de otra vista evidenciaria para dilucidar su jurisdicción sobre la peticionaria. El TPI así lo hizo y, como parte de su determinación final, concluyó que la peticionaria había sido debidamente emplazada por la recurrida. En consecuencia, se había adquirido jurisdicción sobre su persona.

Destacó el TPI que el emplazador, Sr. Rivera López, testificó en la vista que recordaba el momento específico en que emplazó a la peticionaria por conducto de la Lcda. Viera y la identificó en sala. Además, éste indicó que había acudido en otras ocasiones a emplazar a la peticionaria, por lo que conocía bien la oficina a la que tenía que acudir. El TPI adjudicó total credibilidad al testimonio del Sr. Rivera López.

Por su parte, la Lcda. Viera testificó que nunca recibió el emplazamiento. Sin embargo, durante el contrainterrogatorio realizado por la representación legal de la recurrida, ésta aceptó haber firmado una declaración jurada a principios del año 2002, afirmando no recordar haber recibido el emplazamiento en cuestión. En vista de que la testigo aseguraba no haber recibido el emplazamiento y en otra ocasión más cercana había dicho que no recordaba nada sobre éste, el TPI determinó que había incurrido en contradicción.

De otra parte, la Sra. Petra Rivera Torres (en adelante Sra. Rivera) testificó que estaba a cargo de registrar en un libro la correspondencia recibida diariamente por la peticionaria. Indicó que el referido emplazamiento no constaba como recibido, y que cuando se ausentaba, otra persona podía entrar la información de los emplazamientos o se los dejaban en su escritorio para cuando ella regresara.

Por último, en cuanto a la notificación de la referida vista a la peticionaria, el TPI concluyó que no surgía evidencia sobre devolución alguna por el sistema de correos.

Oportunamente, mediante el presente recurso, la peticionaria acude por tercera ocasión ante este Tribunal para plantearnos que el TPI erró al denegar la moción de relevo de sentencia y determinar que había sido emplazada conforme a derecho. Sostiene que también erró en su apreciación de la prueba al determinar que la Lcda. Viera se había contradicho y al haber descartado el testimonio de la Sra. Petra Rivera. Igualmente, nos señala que erró el TPI al no aplicar la doctrina de buena fe que debe permear la tramitación de toda causa y al no aplicar la doctrina de impedimento colateral por sentencia, cosa juzgada o fraccionamiento de causa.

En cuanto al último planteamiento de error, la peticionaria sostiene que es de aplicación a los hechos, tanto la doctrina de cosa juzgada estatal como la federal, ya que las partes en ambos foros son las mismas y están en la misma situación. De igual forma, arguye que la recurrida fraccionó su causa de acción al presentar su primera acción ante el foro federal únicamente bajo la ley federal y, luego, al comparecer ante el TPI para presentar la misma causa de acción al amparo de la ley estatal, pudiendo haber sido presentada ante un mismo foro.

## II
### Relevo de Sentencia

La Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. II, R. 49.2, incorpora una facultad importante que tienen los tribunales para dejar sin efecto alguna sentencia y orden suya por causa justificada. *Piazza Vélez v. Isla del Río*, 158 D.P.R. 444 (2003). La referida regla dispone en lo pertinente:

*"Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento, por las siguientes razones:*

*(1) Error, inadvertencia, sorpresa, o negligencia excusable;*

*(2) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;*

*(3) Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;*

*(4) Nulidad de la sentencia;*

*(5) La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor; o*

*(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.*

*Las disposiciones de esta regla no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (3) ó (4). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia, ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para: (a) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento; (b) conceder un remedio a una parte que en realidad no hubiere sido emplazada; y (c) dejar sin efecto una sentencia por motivo de fraude al tribunal." 32 L.P.R.A. Ap. III, R. 49.2.*

El Tribunal Supremo, en *Piazza Vélez v. Isla del Río, supra*, explicó el trasfondo del mecanismo procesal post sentencia antes indicado, el cual fue reconocido expresamente en el Artículo 140 del antiguo Código de Enjuiciamiento Civil. El referido remedio de reapertura se origina en la propia razón de ser de los foros judiciales: hacer justicia. *Id.; Ortiz Serrano v. Ortiz Díaz*, 106 D.P.R. 445, 449 (1977).

Claro está, aunque el remedio de reapertura existe en bien de la justicia, no constituye una facultad judicial absoluta, porque a éste se contrapone la fundamental finalidad de que haya certeza y estabilidad en los procedimientos judiciales, y de que se eviten demoras innecesarias en el trámite judicial. *Piazza Vélez v. Isla del Río, supra*. Es por ello, que el Tribunal Supremo ha reiterado en innumerables ocasiones que el remedio de apertura *"no es una llave maestra para reabrir a capricho el pleito ya adjudicado..."*. *Id.; Ríos v. Tribunal Superior*, 102 D.P.R. 793, 794 (1974).

Según establecido por la Regla 49.2, supra, ésta provee un vehículo procesal para que una parte pueda solicitar el relevo de una sentencia en su contra, por alguna de las causales que la propia regla dispone, siempre y cuando dicha acción se presente dentro de los seis (6) meses de haberse registrado la sentencia. No obstante, aun después de transcurrido el referido término de seis (6) meses, la propia regla reconoce el poder de un tribunal para conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento; conceder un remedio a una parte que en realidad no hubiese sido emplazada; y dejar sin efecto una sentencia por motivo de fraude al tribunal. *Rivera Báez v. Jaume*, 157 D.P.R. 562 (2002); *Figueroa v. Banco de San Juan*, 108 D.P.R. 680 (1979).

En síntesis, la Regla 49.2, supra, propone un (1) mecanismo con el que una parte podría acudir ante el tribunal para impugnar una sentencia, mediante la presentación de una moción de relevo de sentencia dentro del término de seis (6) meses contados a partir de la notificación de la sentencia o, pasado dicho término, mediante la radicación de una acción independiente. Reiterando lo ya establecido, el Tribunal Supremo indicó en *Piazza Vélez v. Isla del Río, supra,* que el referido término de seis (6) meses es fatal.

Generalmente, la acción independiente se admite cuando la sentencia es nula, ya que ésta es inexistente. Es decir, el esquema amplio y abarcador de remedios que provee la Regla 49.2 reduce considerablemente el ejercicio de esta acción independiente a los casos en que ha transcurrido el término fatal de seis meses y las circunstancias sean de tal índole que el tribunal pueda razonablemente concluir que mantener la sentencia constituiría una grave injusticia contra una parte que no ha sido negligente en el trámite de su caso y que, además, tiene una buena defensa en los méritos. *Rivera Báez v. Jaume, supra; Figueroa v. Banco de San Juan, supra.*

## III

### Emplazamiento

En nuestro ordenamiento jurídico, las Reglas de Procedimiento Civil se inspiran en tres valores fundamentales de justicia. A saber: rapidez y economía, enmarcados en la norma de buena fe que debe permear la

tramitación de toda causa de acción. *Quiñones Román v. Cía. ABC*, 152 D.P.R. 367 (2000). Asimismo, el debido proceso de ley requiere que a la parte demandada se le notifique de todo proceso presentado en su contra para que tenga la oportunidad de ir a juicio, presentar prueba y ser oída. *Claudio Camacho v. Casillas Mojica*, 100 D.P.R. 761 (1972).

En términos generales, el emplazamiento es el mecanismo procesal mediante el cual se le notifica al demandado de la reclamación en su contra y el tribunal adquiere jurisdicción sobre su persona para resolver el asunto. Es por ello que el Tribunal Supremo ha establecido que para que un tribunal pueda hacer efectiva su autoridad para considerar y decidir sobre un asunto, el método de notificación tiene que ofrecer una probabilidad razonable de informarle al demandado sobre la acción entablada en su contra, de forma tal que pueda comparecer a defenderse si así lo desea. *Quiñones Román v. Cía. ABC, supra.*

El Tribunal Supremo ha resuelto que el demandado no viene obligado a cooperar con el demandante en la realización por éste del diligenciamiento del emplazamiento. Por el contrario, los demandados tienen un derecho a ser emplazados conforme a derecho. En nuestro ordenamiento jurídico es política pública que la parte demandada debe ser emplazada debidamente para evitar fraude y que se utilicen procedimientos judiciales para privar a una persona de su propiedad sin el debido proceso de ley. Id. Por ello, toda actuación de un tribunal en contra de un demandado que no ha sido emplazado o notificado conforme a derecho es inválida. *Marrero Albino v. Vázquez Egean*, 135 D.P.R. 174 (1994).

Por su parte, la Regla 4.4 (e) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.4, dispone la forma en que se puede emplazar a una corporación. Esta es, entregando copia del emplazamiento y de la demanda a un oficial, gerente administrativo o agente general o cualquier otro agente autorizado por nombramiento o designado por ley para recibir emplazamientos. Se ha interpretado que las alternativas que ofrece esta Regla para emplazar son opciones a beneficio del demandante; es a éste a quien le tocará decidir cómo emplazará al demandado y no viceversa.

Además, el hecho de que la corporación instruya a sus gerentes operacionales para que dirijan o refieran a los emplazadores a las oficinas principales de la corporación y que en ellas tengan todo un sistema de organización interna para atender estos asuntos, no quiere decir que por ley no se pueda emplazar a la corporación en otro lugar y que dicho emplazamiento no sea válido. *Nazario Morales v. A.E.E.*, Opinión del 30 de noviembre de 2007, **2008 J.T.S. 3**.

Reiteradamente, nuestro más Alto Foro ha expresado que, al momento de decidir sobre la idoneidad de una persona para recibir emplazamientos, debe atenderse "*a los deberes, funciones y autoridad de la persona y no a su título*". Lo verdaderamente importante es que el receptor ostente cierto grado de capacidad de representación de la persona jurídica sobre la cual se desea adquirir jurisdicción. *Id.*

Es por ello que dicho foro, ante el tema de emplazamiento a personas jurídicas, aunque ha reconocido la importancia de los requisitos impuestos por la Reglas de Procedimiento Civil sobre el particular, ello no le ha impedido denegar la desestimación como sanción ante el incumplimiento con los términos dispuestos para emplazar. De igual forma, tampoco le ha impedido permitir que el emplazamiento sea diligenciado a través de personas que, aunque no ocupen los cargos aludidos en la Regla 4 (e), sí cuentan con la capacidad representativa necesaria para recibir emplazamientos. *Id.*

Lo que el tribunal debe determinar, no es si el emplazamiento fue entregado a la persona designada para ello, sino si ha sido entregado a un oficial, agente general, o gerente administrativo, según los términos interpretados por el Tribunal Supremo. Para realizar dicha determinación, corresponde la celebración de una vista evidenciaria sobre el carácter representativo y los deberes y funciones de las personas a las que se entregaron los emplazamientos. Es decir, si la persona mediante la cual se diligenció el emplazamiento ostentaba la capacidad

necesaria para recibirlo, según definido por la jurisprudencia del Tribunal Supremo. *Id.*

## IV
### Apreciación de la Prueba

De otra parte, es norma reiterada por el Tribunal Supremo que, como regla general, en ausencia de pasión, prejuicio, parcialidad o error manifiesto, los tribunales apelativos no deben intervenir con la apreciación de la prueba de los tribunales de instancia. *Ramos Milano v. Walmart*, Opinión del 8 de junio de 2006, **2006 J.T.S. 106**. El fundamento de esta deferencia hacia el tribunal de instancia es que el juez inferior tuvo la oportunidad de observar toda la prueba presentada y, por lo tanto, se encuentra en mejor situación que el tribunal apelativo para considerarla. *Sepúlveda v. Departamento de Salud*, 145 D.P.R. 560 (1998).

No obstante, aunque el arbitrio del juzgador de hechos es respetable y merece deferencia por parte de los tribunales apelativos, no es absoluto, y una apreciación errónea de la prueba no tiene credenciales de inmunidad frente a la función revisora de los tribunales apelativos. Por ello, aunque haya evidencia que sostenga las conclusiones de hechos del tribunal, si de un análisis de la totalidad de la evidencia este Tribunal queda convencido que se cometió un error, como cuando las conclusiones están en conflicto con el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida, éstos deben considerarlas claramente erróneas. *Méndez Rodríguez v. Morales Molina*, 142 D.P.R. 26 (1996).

En cuanto a la prueba testifical se refiere, cabe mencionar que es el juzgador de los hechos quien observa el comportamiento de los testigos al momento de éstos declarar, lo que resulta de vital importancia al momento de adjudicar credibilidad. *Pueblo v. Dávila Delgado*, 143 D.P.R. 157 (1997). Por ello, el Tribunal Supremo de Puerto Rico ha resuelto que corresponde al tribunal sentenciador aquilatar la prueba testifical ofrecida y dirimir su credibilidad y, por lo tanto, sus determinaciones de hechos merecen gran respeto. *Colón González v. K-Mart*, 154 D.P.R. 510 (2001). Como tribunal apelativo, no debemos descartar y sustituir las conclusiones de hechos bien ponderadas del foro de instancia ni la adjudicación de credibilidad que hizo el juzgador de los hechos. *Rolón v. Charlie Car Rental*, 148 D.P.R. 420, 433 (1999).

## V
### Buena Fe y Cosa Juzgada

En torno al tema de la buena fe, el Tribunal Supremo ha mencionado en diversas ocasiones que el principio de buena fe abarca toda actividad jurídica. *Infante Robles v. Maeso Hernández*, Opinión del 30 de agosto de 2005, **2005 J.T.S. 123**. Cabe resaltar que, también, ha establecido que es reprochable que un abogado no le indicara a otro sobre un pleito paralelo. *Neptune Packaging v. Wackenhut*, 120 D.P.R. 283 (1988).

Por otro lado, en cuanto a la doctrina de cosa juzgada, está fundamentada en el interés del Estado en ponerle fin a los litigios y en proteger a los ciudadanos para que no se les someta en múltiples ocasiones a los rigores de un proceso judicial. *Municipio v. Bosque Real, S.E.,* 158 D.P.R. 743 (2003); *Rodríguez Rodríguez v. Colberg Comas,* 131 D.P.R. 212 (1992); *P.I.P. v. C.E.E.,* 120 D.P.R. 580 (1988); *Pérez v. Bauzá,* 83 D.P.R. 220, 225 (1961). Además, promueve la economía judicial y administrativa al evitar litigios innecesarios y decisiones inconsistentes. *Rodríguez v. Colberg Comas, supra.*

En nuestro ordenamiento civil, la cosa juzgada tiene base estatutaria en el Artículo 1204 del Código Civil, 31 L.P.R.A. § 3343. Para que se active la presunción de cosa juzgada en otro juicio, será necesario que entre el caso ya resuelto por sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron. *Municipio v. Bosque Real, S.E., supra; Aponte Caratini v. Román Torres,* 145 D.P.R. 477 (1998); *Mercado Riera v. Mercado Riera*, 100 D.P.R. 940 (1972). Cabe destacar que la cosa juzgada en su modalidad de impedimento colateral, sea aplicable o no, es

necesario el requisito de identidad de causas. *Rodríguez Rodríguez v. Colberg Comas*, 131 D.P.R. 212 (1992).

Es pertinente al caso de autos, mencionar que en la doctrina de cosa juzgada en el ámbito interjurisdiccional, se ha reconocido que el principio de entera fe y crédito debe permear la aplicación interjurisdiccional de la cosa juzgada, atribuyendo así el carácter de finalidad e inatacabilidad a una sentencia dictada en el foro federal. *Marrero Albino v. Velázquez Egean,* 135 D.P.R. 174 (1994). Para su determinación, los tribunales deberán tener presente los siguientes factores: el tipo de acción de que se trata; si la sentencia previa es de un tribunal de jurisdicción limitada; el fundamento jurisdiccional que tiene dicho tribunal para atender el asunto; si el derecho sustantivo implicado es federal o estatal, y el fundamento utilizado para resolver el caso, a saber, si fue procesal, sustantivo o una combinación de ambos. *Bonafont Solis v. American Eagle*, 143 D.P.R. 374 (1997).

Por último, sobre la modalidad de fraccionamiento de causas, distinto a la doctrina de cosa juzgada, no se trata de que en un segundo pleito se litiguen cuestiones ya litigadas, sino de una modalidad que impide litigar lo que pudo haber sido adjudicado en una acción anterior. *Asociación de Condominios v. Trelles Reyes,* 120 D.P.R. 574 (1988). Es decir, si un demandante tiene varias reclamaciones que surjan de un mismo evento contra un mismo demandado, viene obligado a acumularlas. De lo contrario, aplica la doctrina de cosa juzgada contra aquellas reclamaciones omitidas. *Díaz Maldonado v. Lacot*, 123 D.P.R. 261 (1989).

Por último, debemos tener presente que los requisitos necesarios para que aplique la doctrina federal de res judicata son: una adjudicación en los méritos en un pleito anterior; suficiente identidad entre las causas de acción; y suficiente identidad entre las partes en los dos casos. *Porn v. National Grange*, 93 F.3d 31, 34 (1996).

## VI

En el caso de autos, la peticionaria impugna la determinación del TPI sobre la forma en que se diligenció el emplazamiento. Primeramente, arguye que su incomparecencia ante el foro de instancia se debió a que no fue emplazada. Además, sostiene que la notificación de la celebración de una vista en rebeldía fue dirigida a la dirección incorrecta, por lo que no fue notificada de la acción en su contra. Como resultado, se le privó de la oportunidad de comparecer para defender su postura.

Como hemos indicado, aunque se reconoce el gran valor y vigencia de las Reglas de Procedimiento Civil en torno a los requisitos del emplazamiento, el Tribunal Supremo ha ido flexibilizando su aplicación. De hecho, con el propósito de impartir justicia de forma equitativa, nuestro más Alto Foro ha permitido que sea el demandante quien seleccione la manera de emplazar a una corporación conforme a la Regla 4.4 (e).

En el presente caso, la recurrida optó por diligenciar su emplazamiento por conducto de la Lcda. Viera, quien al momento de presentada la acción se desempeñaba como Administradora de Servicios Legales de la CFSE y, precisamente, era la funcionaria autorizada para recibir emplazamientos. Se desprende de ello que, no conforme conque la recurrida se encontraba en posición de determinar cómo realizaría su emplazamiento, lo diligenció por conducto de la persona designada por la propia peticionaria. Aun cuando la peticionaria no hubiere designado a la Lcda. Viera como la persona autorizada para recibir emplazamientos, nuestra jurisprudencia ha reiterado que al momento de decidir sobre la idoneidad de una persona para recibir emplazamientos, se observarán sus deberes, funciones y autoridad. Id. En el caso de la Lcda. Viera, demás está decir que de acuerdo con la posición que ésta ocupaba en ese momento, su idoneidad para recibir emplazamientos resulta evidente.

Debemos tener presente que, al momento de analizar la legalidad del emplazamiento en cuestión, no sólo se evaluó evidencia documental. El TPI tuvo la oportunidad de escuchar el testimonio y observar los testigos que ambas partes presentaron en una vista evidenciaria, específicamente celebrada para atender esta controversia. Sin duda, luego de la vista, el foro de instancia se encontró en posición para emitir una determinación mucho

más informada y por tanto justiciera.

La peticionaria impugna, además, la apreciación que el TPI realizó de la prueba. Pero, luego de haber examinado el expediente apelativo, el expediente de instancia y de haber escuchado la regrabación de los procesos realizados en la vista evidenciaria sobre la validez del emplazamiento, concluimos que en la determinación del TPI hay total ausencia de prejuicio, parcialidad, pasión o error manifiesto. Ante la inexistencia de algunos de los motivos por los cuales un tribunal apelativo está facultado para intervenir con la apreciación que hiciera el foro de instancia, la determinación impugnada merece nuestra deferencia.

Es importante repetir que fue el TPI quien tuvo el beneficio de escuchar los testimonios y de observar a los testigos, la Sra. Rivera, la Lcda. Viera y al emplazador. De igual forma, escuchó los contrainterrogatorios y tuvo ante sí la presentación de prueba documental de las partes. Así las cosas, consideramos que el TPI examinó detenida y desapasionadamente toda la evidencia sometida y, a la luz de la totalidad de ello, emitió sus determinaciones de hechos y de derecho.

Por otro lado, la peticionaria señala que la recurrida no actuó con buena fe en la tramitación del pleito por no haberle indicado sobre la presentación de otro litigio por los mismos hechos ante el foro estatal. No obstante, la parte peticionaria pasa por alto que el emplazamiento que correctamente le hizo llegar la recurrida, tuvo el propósito de notificarle de manera formal sobre el pleito que había incoado en su contra ante el foro estatal.

La peticionaria se ampara en el caso *Neptune Packaging v. Wackenhut, supra,* en el cual al amparo de los principios básicos de la buena fe, impone a un abogado la obligación de notificar a otro sobre la existencia de un pleito paralelo. Sin embargo, el mencionado caso se da en un contexto muy distinto al de autos. A diferencia, en el referido caso, las partes a las que se refiere el Tribunal Supremo son una aseguradora y su asegurado. Al no tratarse de la misma persona, no cabe duda de la dificultad en torno a que la noticia del diligenciamiento del emplazamiento de una parte llegara a oídos de la otra.

El recurso presentado por la peticionaria impugna la denegatoria de una solicitud de relevo de sentencia al amparo de la Regla 49.2, *supra.* Celebrada una vista en la que las partes presentaron y confrontaron prueba testifical y documental, determinó el foro de instancia que ni la transacción ni la sentencia emitida por el Tribunal Federal cubría las causas de acción interpuestas en el presente pleito. La referida Resolución contenía determinaciones de hechos que incluían un breve resumen de las declaraciones de los testigos y las conclusiones de derecho. Explicó que aquilatada la prueba ante su consideración, no existía alguna de las circunstancias establecidas en la Regla 49.2, *supra,* que motivaran dictaminar el relevo de sentencia. Al haberse efectuado el emplazamiento correctamente, la incomparecencia de la peticionaria provocó la anotación de rebeldía.

No surge del presente recurso fundamentos que nos muevan a revocar la referida determinación del TPI. La peticionaria no demostró la ilegalidad del emplazamiento y tampoco demostró la existencia de algún otro de los requisitos establecidos en la regla para que un tribunal releve a una parte de los efectos de una sentencia.

## VII

Por los fundamentos anteriormente expuestos, expedimos el auto de certiorari y confirmamos la Resolución aquí impugnada.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.

María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones