ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| HACIENDA TULIPANES INC Y OTROS<br><br>Peticionario<br><br>v.<br><br>CRIADERO LA GLORIA INC Y OTROS<br><br>Recurrido | KLCE202300888 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Número: CG2023CV00717<br><br>Sobre: Daños y otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de octubre de 2023.

Comparecen Hacienda Tulipanes, Inc., Florencio Berríos Castodad, Irma Sara Casillas Santos y la sociedad legal de gananciales compuesta por ambos (peticionarios) y solicitan que revoquemos la *Resolución* emitida el 13 de julio de 2023 y notificada el 14 de julio de 2023 por el Tribunal de Primera Instancia, Sala de Caguas (TPI o foro primario). En esta el TPI denegó una solicitud de reconsideración correspondiente a una *Resolución* notificada en autos el 10 de julio de 2023 en la cual dicho foro no autorizó la expedición de un emplazamiento por edicto para la Asociación de Caballistas de Puerto Rico Corp. (Asociación o recurrida).

Por los fundamentos que exponemos a continuación, se expide el auto de *certiorari,* se modifica el dictamen recurrido y así modificada, se confirma la referida determinación.

### I.

El pleito de epígrafe inició el 3 de marzo de 2023 y el 14 de marzo de 2023, el TPI expidió varios emplazamientos para ser diligenciados conforme la Regla 4.3 de las Reglas de Procedimiento

Civil, 32 LPRA Ap. V, R. 4.3. A pesar de sus esfuerzos para emplazar, el demandante no logró emplazar personalmente a la Asociación y a Julián André Quintana Mathew, por lo que el 24 de mayo de 2023 suplicó al TPI que autorizara los referidos emplazamientos por edicto. Junto a su moción[1] incluyó una declaración jurada del emplazador, Antonio Luis González Sánchez, sobre sus gestiones para emplazar a la Asociación y otra de Juan Carlos Carrasco Collazo sobre sus gestiones para emplazar a Julián André Quintana Mathew.

Evaluado lo anterior, el 30 de mayo de 2023, el TPI denegó la solicitud, por entender que, los emplazadores no realizaron gestiones efectivas para intentar emplazar a los demandados.[2]

No obstante, los codemandados, Javier Ortiz y la Asociación, representados por el Lic. Luis H. Hernández Santiago, presentaron una *Contestación a la Demanda "sin someterse a la jurisdicción del Tribunal"*.[3] En esta, consignaron sus defensas especiales e incluyeron una reconvención, así como una demanda contra coparte (Criadero La Gloria, Inc., Edgardo Vélez Ríos, Gloribel Miranda Navarro y la Corporación de Gananciales compuesta por ellos).[4]

Con posterioridad, el 29 de junio de 2023, la parte demandante instó una segunda solicitud de emplazamiento por edicto[5] junto a la cual acompañó una declaración jurada de otro emplazador, Osvaldo Lamberty Henríquez.

Nuevamente el TPI negó el petitorio correspondiente a la Asociación. En esta ocasión, el foro primario indicó lo siguiente:

> Alegándose que la Asociación de Caballistas de Puerto Rico es una corporación, no surge que el emplazador haya realizado gestiones en el Departamento de Estado para identificar el agente residente y oficiales mediante

---

[1] Apéndice, págs. 62-68.
[2] Apéndice, págs. 71-72.
[3] Apéndice, págs. 73-74.
[4] Apéndice, pág. 75. Cabe señalar que también dicha parte acreditaron una moción en la cual alegaron que el emplazamiento era nulo, pues no se había realizado conforme a lo requerido por ley y solicitaron la desestimación de la demanda.
[5] Apéndice, págs. 76-83.

los cuales la corporación puede ser emplazada. A la solicitud de emplazar por edicto a dicha co-demandada, No Ha Lugar. [6]

Tras la segunda denegatoria, el demandante volvió a presentar su solicitud de emplazamiento por edicto el 6 de julio de 2023.[7] En esta explicó que el emplazador sí realizó gestiones para emplazar a la corporación a través del agente residente, quien es el mismo que el oficial e incorporador, a saber, Luis J. Ortiz Millán y que como error involuntario no se incluyó el concepto de agente residente en la declaración juramentada el 28 de junio de 2023. Como prueba de lo anterior, acompañó otra declaración jurada del emplazador (juramentada el 6 de julio de 2023) sobre sus gestiones para localizar al agente residente. Además, en su escrito destacó que sostuvo conversaciones con el Lic. Luis H. Hernández Santiago quien presentó una contestación a la demanda sin someterse a la jurisdicción, una reconvención y demanda contra coparte. Añadió que, luego de lo conversado, el 26 de junio de 2023 le cursó a dicho letrado, por correo certificado, los documentos correspondientes a la renuncia de emplazamiento.

No obstante, nuevamente, por tercera ocasión, el 10 de julio de 2023, el TPI denegó la solicitud de emplazamiento por edicto. Es de notar que el foro primario no hizo referencia a lo informado atinente a lo informado sobre presuntas gestiones con el abogado de la otra parte y expresó lo siguiente:

> A la solicitud de emplazar por edicto a la Asociación de Caballistas de Puerto Rico Corp., No Ha Lugar. Surge de la documentación sometida que Luis Ortiz Millán es presidente y agente residente de dicha corporación, mientras que Luz Velázquez es la vicepresidente. No surge de la declaración jurada que el emplazador hubiese indagado sobre ellos, como agente residente/oficiales de la empresa, con los vecinos del Sector La Sierra, kilómetro 5.9, Caguas, Puerto Rico.[8]

---

[6] Apéndice, pág. 86. El mismo día el TPI expidió el emplazamiento por edicto correspondiente a Julián André Quintana Mathew. Véase, la entrada Núm. 46 del expediente digital del caso número CG2023CV00717 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[7] Apéndice, págs. 87-90.

[8] Apéndice, págs. 100-101.

En virtud de lo anterior, la parte demandante solicitó *reconsideración*[9] el 11 de julio de 2023, y el TPI la declaró No Ha Lugar el 14 de julio de 2023.[10] Cabe señalar que, surge del expediente que el demandante instó una moción el 8 de agosto de 2023, en la que hace referencia a una moción del licenciado Hernández Santiago en la que narra sucesos sobre gestiones para emplazar a sus clientes, una supuesta entrega de un emplazamiento para sus clientes y la figura de renuncia del emplazamiento, entre otros.[11]

Inconforme, los peticionarios acuden ante esta Curia y señalan la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia al negarse a autorizar el emplazamiento por edicto de la Asociación, por haber cumplido la compareciente con todos los requisitos de las Reglas de Procedimiento Civil y la jurisprudencia para ello, violándose de ese modo acceso a la justicia contra una parte a la compareciente y al no conceder los gastos de las gestiones de emplazar a la compareciente, quien gestionó la renuncia al emplazamiento de conformidad con la Regla 4.5 de las de Procedimiento Civil.

Ante nos compareció el Lic. Luis H. Hernández Santiago en representación de la parte recurrida/codemandados y expuso su posición en cuanto al recurso. En particular informó lo siguiente:

> Lo cierto es que el abogado que suscribe acordó con la representante legal de la demandante que luego de realizar una investigación sobre la confusión de los codemandados que se estaban demandando, la estaría llamando para decidir si aceptaba la oferta que establece la Regla 4.5 en relación a la aceptación de un emplazamiento, no se finalizó la conversación de la investigación porque la licenciada sometió inmediatamente los emplazamientos como que no había acordado con ella un acuerdo basado en la Regla 4.5.

> Que este abogado entiende que se tiene que enmendar la contestación que se radicó en contestación a que mis clientes contestaban la demanda de la parte demandante sin someterse a la jurisdicción para aclarar que no estoy representando a Javier Ortiz y sí a Luis J. Ortiz Millán. La anterior confusión que mencionó surgió cuando me entregaron el emplazamiento que realizó el emplazador Antonio Luis González Sánchez donde informaba que había emplazado a Javier Ortiz el 30 de abril de 2023 que a base de la investigación que realicé descubrí que tal mencionada

---
[9] Apéndice, págs. 102-107.
[10] Apéndice, pág. 108.
[11] Apéndice, págs. 109-110.

> Caballista Ortiz ACPR y Javier Ortiz no existen y que realmente lo que existe es la Asociación de Caballistas de Puerto Rico y Luis J. Ortiz Millán que son los que estoy representando y considero si el Tribunal considera que tanto la Asociación que representa mi cliente como [é]l fueron válidamente emplazados, estaré enmendando mi contestación a la Demanda para informar que estoy representando a Luis J. Ortiz Millán y la Asociación que [é]l represente.

De otra parte y pendiente lo anterior, emitimos una *Resolución* el 8 de septiembre de 2023 en la que ordenamos a la peticionaria mostrar causa por la cual no deberíamos proceder conforme lo resuelto en *Sánchez Ruiz v. Higuera Pérez, et al.,* 203 DPR 982 (2020). En cumplimiento con nuestra *Resolución*[12] comparece la recurrida mediante *Escrito en Cumplimiento de Orden Escrito de Oposición.* Contando con el beneficio de las posturas de las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez,* 2023 TSPR 46, resuelto el 12 de abril de 2023. Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1*,* limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes

---

[12] Véase, *Resolución* emitida por este panel el 8 de septiembre de 2023.

interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que, el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada la Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *Íd.*; Véase, además, *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478, 486-487 (2019).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. La citada Regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Pueblo v. Rivera Montalvo*, 205 DPR 352 (2020).

## B. Emplazamiento

El emplazamiento es el mecanismo procesal utilizado para permitirle al tribunal adquirir jurisdicción sobre la parte demandada. *Martajeva v. Ferré Morris y otros,* 2022 TSPR 123, resuelto el 12 de octubre de 2022. A través del emplazamiento, la parte demandada queda notificada de que se ha presentado una acción judicial en su contra de manera que dicha parte pueda ejercer su derecho a ser oída y a defenderse. *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994 (2021). Ahora bien, nuestro más Alto Foro enfatizó recientemente que la falta de un emplazamiento correcto "produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado". *SLG Rivera-Pérez v. SLG Díaz-Doe et al.,* 207 DPR 636, 647 (2021).

Sobre el término para diligenciar el emplazamiento, el inciso (c) de la Regla 4.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3, dispone:

[e]l emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

El Tribunal Supremo resolvió en *Bernier González v. Rodríguez Becerra,* 200 DPR 637 (2018), que el término dispuesto en la Regla 4.3 antes citada es improrrogable. Por tanto, transcurridos los 120 días sin que el demandante haya podido diligenciar el emplazamiento produce la desestimación automática de la causa de acción.

Por otro lado, surge del inciso (c) de la Regla 4.3 de Procedimiento Civil, *supra,* que la Secretaría del foro de instancia deberá expedir los emplazamientos el mismo día en que la demanda fue presentada, siempre y cuando, esta estuvo acompañada de los formularios de emplazamiento. En la eventualidad, de que, la Secretaría del tribunal de instancia no cumpla con lo anterior, el tiempo que la Secretaría del tribunal de instancia demore en expedirlos, será el mismo término adicional que tendrá la parte demandante para diligenciarlos. *Bernier González v. Rodríguez Becerra,* supra, pág. 649. Ello, tras la parte demandante presentar una moción solicitando al foro primario que expida los emplazamientos. *Íd.*

La Regla 4.6(a) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6(a), establece que:

"Cuando la persona a ser emplazada esté fuera de Puerto Rico, que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes o se oculte para no ser emplazada, o si es

una corporación extranjera sin agente residente y así se comprueba a satisfacción del tribunal mediante una declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración o de la demanda presentada que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga mediante edicto."

Sobre el particular, el Tribunal Supremo resolvió en *Sánchez Ruiz v. Higueras Pérez et al.,* 203 DPR 982, 994 (2020), que el término para emplazar por edicto comienza una vez se autoriza y se expide el emplazamiento por edicto. Ahora bien, la parte demandante ha de solicitar su expedición antes de que transcurra el término para diligenciar el emplazamiento personal. *Íd.* De manera que, el emplazamiento por edicto constituye un nuevo emplazamiento cuyo término comienza a partir de que el tribunal lo expide, siempre que dicha expedición se haya solicitado antes de que venza el término original de 120 días para emplazar personalmente, contados a partir de la presentación de la demanda. *Íd.*

Es importante resaltar que nuestro Tribunal Supremo expresó que es política pública de nuestro ordenamiento jurídico evitar el fraude y los procedimientos judiciales que priven a una persona de su propiedad sin el debido proceso de ley. *Bernier González v. Rodríguez Becerra, supra,* pág. 644. Por ello es la razón por la cual se le permite al demandado impugnar el emplazamiento a fines de asegurar el estricto cumplimiento de las reglas sobre emplazamientos. *Quiñones Román v. Supermercado Pueblo,* 152 DPR 367 (2000).

**III.**

En el presente recurso, los peticionarios alegan, en apretada síntesis, que erró el foro primario al negarse a autorizar el

emplazamiento por edicto a la Asociación, cuando aseguran haber cumplido con los requisitos requeridos por las Reglas de Procedimiento Civil, violándose así su derecho de acceso a la justicia. En específico, arguyen que las gestiones realizadas para efectuar el emplazamiento personal a la Asociación fueron infructuosas, por lo que en más de una ocasión solicitaron al TPI su intervención para que expidiera el emplazamiento por edicto.

Por otra parte, los recurridos arguyen en su escrito en oposición que hubo una confusión en cuanto a los demandados en este caso, por lo que los emplazamientos fueron realizados incorrectamente. Puntualizan que los peticionarios realizaron gestiones para indagar sobre una persona llamada Javier Ortiz, y no procuraron por el presidente y agente residente de la Asociación, el Sr. Luis J. Ortiz Millán.

Conforme esbozamos en nuestra previa exposición doctrinal, la Regla 4.6(a) de Procedimiento Civil, *supra*, dispone que para solicitar al tribunal un emplazamiento por edicto es necesario que la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pueda ser localizada después de realizadas las diligencias pertinentes, entre otras. Ahora bien, sobre este particular y atinente a la presente causa, el Tribunal Supremo resolvió en *Sánchez Ruiz v. Higueras Pérez*, supra, que el término de ciento veinte (120) días para emplazar por edicto comienza a partir de la expedición del emplazamiento por edicto. Además, el demandante debe solicitar su expedición del emplazamiento por edicto antes de que transcurra el término de 120 días para diligenciar el emplazamiento personal.

Establecido lo anterior, del expediente del caso surge que la *Demanda* fue incoada el 3 de marzo de 2023. Conforme la normativa antes expuesta aplicada al cuadro fáctico ante nos, concluimos que, el término para emplazar expiraba el 3 de julio de 2023, contando

como fecha inicial, el día en que se presentó la *Demanda.*[13] Para ser precisos, los peticionarios solicitaron al tribunal la expedición del emplazamiento por edicto para la Asociación en tres ocasiones: el 24 de mayo de 2023, el 29 de junio de 2023 y el 6 de julio de 2023. De una revisión del tracto procesal resulta evidente que, los peticionarios solicitaron en dos ocasiones dentro del término aplicable que se expidiera el emplazamiento por edicto para la Asociación. Sin embargo, el TPI no expidió el emplazamiento por edicto según suplicado por los peticionarios. Añádase a ello que, la tercera solicitud para emplazar por edicto tampoco fue autorizada y fue presentada el 6 de julio de 2023 cuando ya había vencido el término de 120 días.

En este último contexto es menester destacar que, en *Bernier González v. Rodríguez Becerra,* supra, nuestro más Alto Foro expresó que se requiere que el emplazamiento sea diligenciado dentro del término de ciento veinte días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. Por lo tanto, aun cuando las partes solicitaron el emplazamiento por edicto al Tribunal, -dos veces dentro del término y uno luego de vencido- este nunca fue autorizado ni expedido, por lo que, la prórroga nunca tuvo el efecto de interrumpir el referido término de ciento veinte (120) días.

Es importante destacar que, el 8 de septiembre de 2023, emitimos *Resolución* a los efectos de ofrecer una oportunidad a los peticionarios, tomando en consideración el tracto procesal del caso, de mostrar causa por la cual no debíamos resolver la presente causa conforme la doctrina y términos establecidos en *Sánchez Ruiz v. Higuera Pérez,* supra. El 15 de septiembre de 2023, mediante

---

[13] Es importante aclarar que el término expiraba el 1 de julio de 2023. No obstante, al ser sábado, el término se desplaza hasta el próximo día laborable, el cual es el 3 de julio de 2023.

moción presentaron su posición, sin embargo, los peticionarios no nos pusieron en posición para determinar lo contrario.

Cónsono con lo anterior y por entender que nos encontramos en la etapa apropiada para intervenir en los procesos según los criterios expuestos en la Regla 40, *supra,* expedimos el auto de *certiorari* y modificamos la *Resolución* emitida por el TPI a los únicos efectos de anular la parte explicativa referente a la justificación para denegar la solicitud de emplazamiento por edicto, toda vez que conforme a lo resuelto en *Bernier González v. Rodríguez Becerra,* supra, a esa fecha, el TPI había perdido jurisdicción para expedir el emplazamiento por edicto, por lo que no incidió al denegar la solicitud interpuesta. Ahora bien, de una lectura cuidadosa del expediente ante nos, reconocemos que el TPI podría tener asuntos presentados sin resolver, por lo que, lo aquí resuelto no prejuzga las determinaciones atinentes y pendientes en el caso de epígrafe.

**IV.**

Por los fundamentos antes expuestos, se expide el auto de *certiorari,* se modifica el dictamen recurrido y así modificada, se confirma.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones