ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| EDMUNDO ROSALY MARCHANY<br><br>Apelante<br><br>v.<br><br>GILBERTO MARCHANY MÁRQUEZ Y OTROS<br><br>Apelados | KLAN202400698 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: CB2024CV00080<br><br>Sobre: Incumplimiento de contrato y otros |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de octubre de 2024.

Comparece ante nos el señor Edmundo Rosaly Marchany (apelante o señor Rosaly Marchany) y nos solicita que revoquemos la Sentencia emitida el 24 de junio de 2024 por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI).[1] Mediante el referido dictamen, el TPI desestimó en su totalidad la reclamación civil por incumplimiento con el diligenciamiento del emplazamiento personal en el término establecido en la Regla 4.3 de Procedimiento Civil.

Por los fundamentos que discutiremos a continuación, revocamos la Sentencia apelada.

**I.**

Surge de los autos ante nuestra consideración que el 1 de febrero de 2024, el señor Rosaly Marchany presentó una demanda sobre daños y perjuicios, difamación, incumplimiento de contrato y otros en la Sala de Cabo Rojo contra el señor Gilberto Marchany Márquez, la señora Marta Justiniano Bayron, la Sociedad Legal de Bienes Gananciales compuesta por ambos, la señora Marta

---

[1] Notificada el 25 de junio de 2024.

Número Identificador

SEN2024_____

Marchany Justiniano, el señor Joill Souffront Cordero, su esposa Fulana de Tal y la Sociedad Legal de Bienes Gananciales compuesta entre ambos.[2] Ese mismo día, el apelante solicitó la expedición de los emplazamientos.[3]

El 5 de febrero de 2024, el foro de instancia refirió el caso de epígrafe a la Sala de Mayagüez para los trámites pertinentes.[4] El 7 de febrero, el Tribunal de Mayagüez emitió una orden de traslado administrativo donde se transfirió el caso a la Región Judicial de Ponce.[5] Ante este cuadro, el 16 de febrero de 2024, el demandante presentó una segunda solicitud para expedir los emplazamientos.[6] Finalmente, el 20 de febrero de 2024, la Secretaría de la Sala de Ponce expidió los emplazamientos.

El 26 de febrero de 2024, los codemandados Gilberto Marchany Márquez, Marta Justiniano Bayron, la Sociedad Legal de Bienes Gananciales compuesta por ambos y Marta Marchany Justiniano fueron emplazados personalmente por el emplazador Carlos Torres Medrano (emplazador Torres Medrano).[7]

El 12 de junio de 2024, el TPI emitió una *Orden* donde le solicitó al apelante presentar los emplazamientos solicitados so pena de desestimación sin perjuicio conforme a la Regla 4.3 de Procedimiento Civil.[8]

El 13 de junio de 2024, el señor Rosaly Marchany compareció mediante *Moción en Cumplimiento de Orden* con la cual ***presentó copia de los emplazamientos diligenciados hasta ese momento***.[9] Explicó el apelante que los emplazamientos de los codemandados Joill Souffront Cordero, su esposa Fulana de Tal y la

---

[2] Apéndice, págs. 36-44.
[3] Apéndice, págs. 30-35.
[4] Apéndice, pág. 28.
[5] Apéndice, pág. 29.
[6] Apéndice, pág. 21.
[7] Apéndice, págs. 14-19.
[8] Apéndice, pág. 20.
[9] Apéndice, pág. 13.

Sociedad Legal de Bienes Gananciales compuesta entre ambos no se habían diligenciado por dos razones. Primeramente, desconocía el paradero o dirección de estos codemandados. Segundo, el emplazador Torres Medrano falleció aproximadamente un mes antes de presentarse la moción. Por todo esto, el apelante le solicitó al TPI que tomara conocimiento de lo anterior. Ese mismo día, el TPI tomó conocimiento de lo informado y ***dio por cumplida parcialmente la orden***.[10]

El 24 de junio de 2024, comparecieron mediante *Moción Asumiendo Representación Legal y para Solicitar Prórroga* los codemandados Gilberto Marchany Márquez, Marta Justiniano Bayron, la Sociedad Legal de Bienes Gananciales compuesta por ambos y Marta Marchany Justiniano.[11] Además de anunciar a su representante legal, los codemandados alegaron que contrario a lo informado por el señor Rosaly Marchany, no fueron emplazados personalmente. Por ello, los codemandados informaron que comparecían sin someterse a la jurisdicción del TPI únicamente para solicitar una prórroga de 10 días para someter evidencia que sustentara su alegación.

El 24 de junio de 2024, el TPI emitió una Sentencia en la cual desestimó la demanda de epígrafe.[12] Razonó el foro primario que conforme a las alegaciones de los codemandados, el señor Rosaly Marchany no realizó tramite alguno ni diligenció los emplazamientos expedidos dentro del término provisto para ello. Por ello, el TPI desestimó la demanda conforme a la Regla 4.3(b) de Procedimiento Civil.

El 1 de julio de 2024, el señor Rosaly Marchany compareció mediante escrito de *Reconsideración*.[13] En síntesis, el apelante

---

[10] Apéndice, pág. 12.
[11] Apéndice, págs. 10-11.
[12] Apéndice, pág. 3.
[13] Apéndice, págs. 5-9.

resaltó su escrito sobre cumplimiento de orden donde presentó los emplazamientos diligenciados a los cuatro codemandados. El señor Rosaly Marchany reiteró que los únicos emplazamientos que no diligenció fueron los del señor Joill Souffront Cordero, su esposa Fulana de Tal y la Sociedad Legal de Bienes Gananciales compuesta entre ambos.

El apelante reconoció que sería correcto archivar *sin perjuicio* las causas de acción contra el señor Joill Souffront Cordero, su esposa Fulana de Tal y la Sociedad Legal de Bienes Gananciales compuesta entre ambos por falta de emplazamiento. No obstante, consideró incorrecto el archivo de las causas de acción para los demás codemandados quienes aseguró sí fueron emplazados. Por todo esto, le solicitó al TPI que reconsiderara su determinación.

El 1 de julio de 2024, el TPI declaró No Ha Lugar la reconsideración del señor Rosaly Marchany.[14] Por todo esto, el apelante presentó el recurso apelativo que nos ocupa y señaló la comisión del siguiente error:

> Erró el TPI al desestimar la Demanda radicada, <u>en su totalidad</u>, a favor de todas las partes demandadas, aun sabiendo que habían demandados que fueron emplazados correctamente, <u>dentro del término provisto por la Reglas de Procedimiento Civil</u>, conforme a derecho.[15]

**II.**

El emplazamiento es el acto procesal mediante el cual se le comunica al demandado, la acción o demanda presentada en su contra y se le requiere comparecer para formular la alegación que proceda. *Nazario Morales v. AEE*, 172 DPR 649, 653 (2007). Su objetivo es adquirir jurisdicción sobre la persona del demandado llamándolo para que comparezca al juicio a defenderse y hacer uso de su derecho. Hernández Colón, Rafael, *Práctica Jurídica de Puerto*

---

[14] Apéndice, pág. 1.
[15] Recurso de Apelación, pág. 3. Énfasis en el original.

*Rico: Derecho Procesal Civil*, 2010, 5ta. ed., pág. 220, sec. 2001; *Banco Popular v. SLG Negrón* 164 DPR 855, 863 (2005).

El emplazamiento está intrínsicamente ligado a la garantía constitucional de que ninguna persona sea privada de su libertad o propiedad sin el debido proceso de ley. Art II, Sec. 7, Const. ELA, LPRA, Tomo 1. Por lo tanto, para que un tribunal pueda hacer efectiva su autoridad en la resolución de una controversia, el debido proceso de ley exige que la notificación ofrezca una probabilidad razonable de informarle al demandado sobre la acción entablada en su contra. *Quiñones Román v. Cía. ABC*, 152 DPR 367, 374 (2000).

En nuestro ordenamiento jurídico, los demandados tienen derecho a ser emplazados conforme a derecho y ni siquiera están obligados a cooperar para diligenciar el emplazamiento. *Id.*; *Quiñones Román v. Cía. ABC, supra*, pág. 375. En cuanto a los requisitos del emplazamiento, el Tribunal Supremo ha exigido su cumplimiento estricto. *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901 (1998).

Las Reglas de Procedimiento Civil de Puerto Rico establecen dos maneras para diligenciar los emplazamientos: personal o mediante edictos. Independientemente del procedimiento de emplazamiento se utilice, la Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3 (c), gobierna el tiempo que tiene la parte demandante para diligenciarlo.

(c) **El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda** o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. **Transcurrido dicho término sin que se haya diligenciado el**

**emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo <u>sin perjuicio</u>**. Una **subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos**. (Énfasis nuestro).

### III.

El señor Rosaly Marchany aduce que, contrario a lo alegado por los codemandados Gilberto Marchany Márquez, Marta Justiniano Bayron, la Sociedad Legal de Bienes Gananciales compuesta por ambos y Marta Marchany Justiniano, sus emplazamientos fueron diligenciados y el TPI adquirió jurisdicción sobre ellos. Para sustentar su alegación, el apelante presentó los diligenciamientos hechos por el fenecido emplazador, Carlos Torres Medrano. De los diligenciamientos se desprende que el emplazador Torres Medrano emplazó a los codemandados Gilberto Marchany Márquez, Marta Justiniano Bayron, la Sociedad Legal de Bienes Gananciales compuesta por ambos y Marta Marchany Justiniano el 25 de febrero de 2024 en el Tribunal de Juana Díaz.

Por su parte, los codemandados Gilberto Marchany Márquez, Marta Justiniano Bayron, la Sociedad Legal de Bienes Gananciales compuesta por ambos y Marta Marchany Justiniano no presentaron prueba ante el TPI que demostrara el alegado incumplimiento con el emplazamiento. Precisamente, es por esto que le solicitaron al foro de instancia una prórroga de 10 días para presentar evidencia que sustentara la alegación de incumplimiento en el emplazamiento.

En lugar de conceder la prórroga solicitada y analizar la prueba que las partes pudieran producir, el TPI desestimó sin más la causa de acción. Esto es, le dio entera fe y crédito a una alegación que carecía de prueba robusta y convincente que sustentara la falta de jurisdicción *in personam* de los codemandados. Sobre todo, cuando el TPI había dado por *parcialmente cumplida* la orden del 12

de junio de 2024.[16] Entiéndase, el TPI entendió como correctos los emplazamientos que presentó el señor Rosaly Marchany.

Somos del criterio de que existe una controversia real y genuina en torno al diligenciamiento de los emplazamientos. Ante este cuadro, es imperativo que las partes presenten las pruebas necesarias para aclarar el asunto en torno a los emplazamientos. Solo así el TPI podrá determinar si tiene o no jurisdicción sobre los codemandados Gilberto Marchany Márquez, Marta Justiniano Bayron, la Sociedad Legal de Bienes Gananciales compuesta por ambos y Marta Marchany Justiniano. En cuanto a los emplazamientos que no fueron diligenciados, procede la desestimación sin perjuicio conforme con la Regla 4.3 (c) de Procedimiento Civil, *supra.*

**IV.**

Por los fundamentos esbozados, revocamos la *Sentencia* apelada. En consecuencia, devolvemos el caso ante el foro primario para que continúen los procedimientos de conformidad con lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[16] Apéndice, pág. 20.