ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| OSCAR CRESPO LÓPEZ QDP Y OTROS<br><br>Apelantes<br><br>v.<br><br>OSCAR CRESPO CORP Y OTROS<br><br>Apelados | KLAN202400347 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Civil Núm.: PO2023CV02864<br><br>Sobre: Injunction (Entredicho Provisional, Injunction Preliminar y Permanente), Daños, Cobro de Dinero Ordinario, Enriquecimiento Injusto, Nulidad de Contrato |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Juez Rivera Pérez y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de abril de 2024.

La parte demandante y apelante del título instó el presente recurso apelativo, en el que nos solicita la revocación de la *Sentencia* emitida y notificada el 31 de enero de 2024, por el Tribunal de Primera Instancia, Sala de Ponce (TPI). En el dictamen, el TPI desestimó con perjuicio la reclamación civil. Fundamentó la determinación en la falta de jurisdicción, debido al incumplimiento de diligenciar el emplazamiento personal en el término improrrogable estatuido en la Regla 4.3 de Procedimiento Civil, *infra.* Modificamos.

**I.**

El 21 de septiembre de 2023, la parte demandante incoó un recurso intitulado *Injunction y Acción Civil Demanda Enmendada*[1] por vicios del consentimiento, nulidad de escrituras y contratos,

---

[1] El documento no fue anejado, véase, entrada 1 en el expediente electrónico PO2023CV02864 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Número Identificador

SEN2024 _____

explotación financiera, enriquecimiento injusto, cobro de dinero, daños y perjuicios contra Oscar Crespo Corp., el Sr. Xavier Crespo Quiñones, la Sra. Zamaslie Torres Soto y la sociedad legal de bienes gananciales compuesta por ambos, el Fideicomiso Crespo Santiago, representado por la Sra. Arlenne Santiago, el Sr. Francisco León Sánchez, la sociedad legal de bienes gananciales con Fulana de Tal, HNC DL International, el Sr. Francisco León Alvarado, la sociedad legal de bienes gananciales con Sutana de Tal, el Banco Santander, así como los demandados de nombres desconocidos A, B, C, y compañías aseguradoras denominados X, Y y Z. La Secretaría expidió los emplazamientos el mismo día.[2]

Así las cosas, el 19 de enero de 2024, la parte demandante presentó una declaración jurada, prestada por la emplazadora Yahaira Esquilín Quiñones, en la que explicó el presunto diligenciamiento personal frustrado.[3] Además, unió una solicitud para que el TPI expidiera los emplazamientos por edicto, con respecto al señor Crespo Quiñones, la señora Torres Soto, Oscar Crespo Corp., el Fideicomiso y la señora Santiago, así como a los demandados naturales y jurídicos de nombres desconocidos.[4]

El 21 de enero de 2024, sin someterse a la jurisdicción, los señores León Sánchez y León Alvarado impugnaron la solicitud e imputaron mendacidad en la declaración jurada.[5] Recalcaron que, en la referida petición de emplazamiento por edicto, no se solicitó el de ninguno de los comparecientes, por lo que el término improrrogable de 120 días para diligenciar el emplazamiento

---

[2] Entradas 4-6 SUMAC.
[3] Apéndice, págs. 17-21.
[4] Apéndice, págs. 15-16.
[5] El documento no fue anejado, véase, entrada 9 SUMAC.

personal contra ellos expiró el 19 de enero de 2024.[6] Adujeron que el documento jurado únicamente mencionaba una búsqueda improductiva en páginas de internet, aun cuando las partes habían tenido una acción judicial previa. En ésta, aseguraron que se cursaron interrogatorios y requerimientos de los que surgían sus direcciones y lugares de trabajo. A esos efectos, solicitaron la desestimación con perjuicio de la reclamación por falta de jurisdicción.

Acerca del pleito anterior, los señores León Sánchez y León Alvarado explicaron que el caso PO2019CV00946[7] era similar al presente. En el transcurso del litigio, el demandante principal, Oscar Crespo López, falleció y las partes demandantes restantes se negaron a sustituir al fallecido conforme a derecho y las instrucciones del TPI. De hecho, indicaron que la presente acción civil se diferenciaba de la primera por el uso de las siglas QDP junto al nombre del fenecido. Como resultado del incumplimiento, el aludido pleito fue desestimado, sin perjuicio, al palio de las Reglas 22.1, sobre sustitución de parte, e incumplimiento de las órdenes del tribunal, provisto por la Regla 39.2 (a), de las Reglas de Procedimiento Civil.[8]

De igual forma, Oscar Crespo Corp. y el matrimonio Crespo-Torres comparecieron sin someterse a la jurisdicción y denunciaron las alegadas falsedades de la declaración jurada en un escrito judicial al que unieron varias fotografías.[9] Describieron el documento jurado como flaco, descarnado y en contravención a las normas procesales y la jurisprudencia atinente. Apuntaron que

---

[6] La parte demandante intentó subsanar la omisión con una moción presentada luego de transcurrido el término para emplazar, a lo que se opusieron los señores León Sánchez y León Alvarado; refiérase a las entradas 14-16 SUMAC.

[7] Sobre este pleito entre las mismas partes PO2019CV00946, el TPI dictó *Sentencia* el 25 de enero de 2023. Este caso había sido consolidado con otro de mayor antigüedad PO2018CV01667.

[8] Véase, *Sentencia* del caso PO2019CV00946 en su expediente electrónico SUMAC, entrada 113.

[9] El documento no fue anejado, véase, entrada 10 SUMAC.

la parte demandante conocía su lugar de residencia no sólo por pleitos previos observados, sino por los vínculos familiares que los unían. Imputaron dejadez en el proceso de diligenciar el emplazamiento e indicaron que las expresiones bajo juramento presentaban una conclusión acomodaticia y estereotipada acerca de que los demandados estaban evadiendo ser emplazados. Solicitaron la desestimación con perjuicio de la reclamación.

Evaluadas las posturas, el TPI emitió el dictamen apelado.[10] Concluyó que la declaración jurada no cumplió con los requisitos mínimos establecidos en el ordenamiento. Por consiguiente, dio por expirado el término para realizar el emplazamiento a los demandados y desestimó las causas de acción por falta de jurisdicción. Además, a la luz de la desestimación del pleito PO2019CV00946, en contra de las mismas partes y por los mismos hechos, determinó que la desestimación era con perjuicio.

La parte demandante instó una oportuna, pero infructuosa *Moción de Reconsideración*.[11] El 4 de marzo de 2024, notificada el día 7, el TPI dictó una *Resolución*, mediante la cual declaró no ha lugar la solicitud.[12] Inconforme aún, acudió ante este foro intermedio y esbozó el siguiente error:

> EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA ERRÓ EN DERECHO AL DENEGAR LA SOLICITUD DE EMPLAZAMIENTO POR EDICTO HECHA POR LA PARTE DEMANDANTE-APELANTE, A PESAR LA [*sic*] MOCIÓN SER PRESENTADA DENTR[O] DEL TÉRMINO DE 120 DÍAS Y A PESAR DE SER APOYADA CON UNA EXTENSA DECLARACIÓN JURADA DE CINCO PÁGINAS DETALLANDO LAS VARIAS GESTIONES REALIZADAS PARA EMPLAZAR A LAS PARTES Y ASÍ CONTENIENDO LOS INGREDIENTES JURÍDICOS NECESARIOS PARA CUMPLIR CON LA REGLA 4.3 (C) DE PROCEDIMIENTO CIVIL PARA AUTORIZAR LOS EMPLAZAMIENTOS A LAS PARTES POR EDICTO.

---

[10] Apéndice, págs. 2-14.
[11] El documento no fue anejado, véase, entrada 22 SUMAC.
[12] Apéndice, pág. 1.

**II.**

La garantía de que ninguna persona sea privada de su libertad o propiedad sin el debido proceso de ley es de entronque constitucional. Art II, Sec. 7, Const. ELA, LPRA, Tomo 1. Por tanto, para que un tribunal pueda hacer efectiva su autoridad en la resolución de una controversia, el debido proceso de ley exige que la notificación ofrezca una probabilidad razonable de informarle al demandado sobre la acción entablada en su contra. *Quiñones Román v. Cía. ABC*, 152 DPR 367, 374 (2000). En nuestro ordenamiento jurídico, el emplazamiento tiene ese propósito y, a su vez, es a través de este mecanismo que el tribunal adquiere jurisdicción sobre la persona del demandado. *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021). Los demandados tienen derecho a ser emplazados conforme a derecho y ni siquiera están obligados a cooperar para diligenciar el emplazamiento. *Id.*; *Quiñones Román v. Cía. ABC, supra*, pág. 375. En cuanto a los requisitos del emplazamiento, el Tribunal Supremo ha exigido su cumplimiento estricto. *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901 (1998).

Las Reglas de Procedimiento Civil de Puerto Rico establecen dos maneras para diligenciar los emplazamientos: personal o mediante edictos. Independientemente de cuál procedimiento de emplazamiento se utilice, la Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3 (c), gobierna el tiempo que tiene la parte demandante para diligenciarlo.

(c) **El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda** o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para

diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, **el tribunal deberá dictar sentencia decretando la desestimación y archivo <u>sin perjuicio</u>**. Una subsiguiente desestimación y archivo **por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos**. (Énfasis nuestro).

Claro está, para que un tribunal "permita un emplazamiento por edicto, tiene que haberse intentado efectuar previamente un emplazamiento personal, y después haberse sometido —y lógicamente tener el juez ante sí— una declaración jurada con la expresión de las diligencias ya efectuadas". (Énfasis en el original suprimido). *Sánchez Ruiz v. Higuera Pérez et al.*, 203 DPR 982, 987 (2020), que cita a *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 23 (1993). A esos fines, la Regla 4.6 (a) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6 (a), regula todo lo relacionado con el emplazamiento por edictos.

(a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y **así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias**, y aparezca también de dicha declaración o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga mediante edicto. (Énfasis nuestro).

En torno al documento jurado, el Tribunal Supremo ha expresado que, al acreditar las diligencias realizadas para emplazar al demandado personalmente, el promovente debe expresar hechos específicos y no meras conclusiones o

generalidades. De este modo, se deben incluir las personas con quienes se investigó y su dirección. Además, se ha indicado que es una buena práctica investigar con la policía, el alcalde, el administrador de correos, quienes conocen a las personas que viven en la comunidad. *Sánchez Ruiz v. Higuera Pérez et al.*, *supra*, pág. 988. "Al evaluar la suficiencia de tales diligencias, el tribunal deberá tener en cuenta **todos los recursos razonablemente accesibles al demandante para intentar hallar al demandado y si se ha agotado toda posibilidad razonable disponible al demandante para poder localizarlo**". (Énfasis nuestro). *Global v. Salaam*, 164 DPR 474, 483 (2005), citado con aprobación en *Sánchez Ruiz v. Higuera Pérez et al.*, *supra*. En fin, la norma procesal "exige la comprobación de diligencias vigorosas y honesto esfuerzo para citar al demandado personalmente sólo cuando, estando en Puerto Rico, el demandado no puede ser emplazado, o cuando estando fuera de Puerto Rico, se ignora su dirección y paradero". (Énfasis en el original suprimido). *Sánchez Ruiz v. Higuera Pérez et al.*, *supra*, pág. 989, que cita a J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. I, pág. 356.

## III.

La parte apelante aduce que la solicitud para la expedición de emplazamientos por edicto fue oportuna, ya que se presentó dentro del término estatuido. Sostiene que la declaración jurada de cinco páginas fue sustanciosa y detallada. Impugna también que el TPI haya denegado de plano la expedición de edictos para todos los demandados, sin distinción de las diligencias realizadas para cada uno de éstos. Plantea, además, que el TPI erró al recurrir a la "drástica e innecesaria sanción" de desestimar con perjuicio la causa de acción de la parte apelante, a pesar de tratarse de un

primer incumplimiento de la Regla 4.3 (c) de Procedimiento Civil, *supra.*

Con relación al señalamiento de error, según reseñamos, la parte apelante solicitó la expedición de edictos en el último día hábil para emplazar; por cierto, pasadas las siete de la noche. El TPI determinó que la declaración jurada suscrita por la emplazadora no cumplió con el rigor requerido para autorizar la expedición de los emplazamientos por edictos. Coincidimos.

En este caso, si bien la referida declaración jurada consta de cinco páginas, en suma, no atestigua suficientes diligencias para acreditar la expedición de emplazamientos por edicto. Nótese que cada caso se evalúa de conformidad con los recursos accesibles y razonables con que cuenta la parte demandante en su intento de localizar a los demandados. Aquí, no se logró satisfacer el criterio del TPI ni el nuestro. En la causa de autos, por ejemplo, los litigantes formaron parte de un pleito anterior en el que intercambiaron la información de sus lugares de residencia y trabajo. Incluso, algunos son familiares entre sí. A ello se añade que las gestiones de diligenciamiento se comenzaron a realizar durante las postrimerías del plazo improrrogable. Ciertamente, la parte demandada, quien compareció sin someterse a la jurisdicción, logró rebatir medulares aseveraciones consignadas en la declaración. A saber, que los demandados León Alvarado y León Sánchez no se localizaron en ninguna dirección; y que el matrimonio Crespo-Torres no se presentaba a la oficina en ningún momento. Con respecto al Banco Santander, nos percatamos que, desde el caso anterior, se conoce su sustitución por Firstbank.

Así pues, es forzoso colegir que el TPI no erró al determinar que la declaración jurada no detalló hechos específicos, personas en la comunidad ponceña entrevistadas con suficiente especificidad ni el agotamiento de todos los recursos disponibles a

favor de la parte apelante, no sólo tecnológicos, sino los derivados del propio conocimiento que tiene la parte apelante sobre los demandados. Más bien, el documento jurado abordó gestiones y conclusiones tardías, estereotipadas e insuficientes, por lo que no puede inferirse que los demandados se estaban ocultando. Concluimos que la declaración jurada de la señora Esquilín Quiñones carece del rigor de las diligencias y el esfuerzo necesarios para justificar la expedición de los edictos, que exige el ordenamiento estatutario y jurisprudencial. El error señalado no fue cometido.

De otra parte, aun cuando reconocemos que los Tribunales de Primera Instancia tienen una gran discreción en el manejo de los procedimientos celebrados en sus salas, dicha discreción debe estar respaldada por el convencimiento del juzgador de que la decisión tomada se sostiene en el estado de derecho aplicable a la cuestión planteada. Este ejercicio constituye, precisamente, la **razonabilidad de la sana discreción judicial**. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Con relación a la desestimación en los méritos o con perjuicio, en *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 265-267 (2021), el Tribunal Supremo pautó lo siguiente:

> La Regla 39.2 de Procedimiento Civil, *supra*, contempla la figura de la desestimación en distintas modalidades. En su inciso (a) se reconoce la facultad y discreción que posee el tribunal para desestimar una reclamación, como medida de sanción, por una parte haber incumplido con sus órdenes o por haberse infringido el cuerpo de las reglas procesales. Por su parte, el inciso (b) reglamenta las desestimaciones por inactividad. Mientras que, el inciso (c) primordialmente se encarga de las desestimaciones por insuficiencia de la prueba (*non-suit*).

> Ahora bien, la Regla 39.2 de Procedimiento Civil, *supra*, no se limita a lo antedicho. Resaltamos que en su inciso (c), más allá de atenderse las mociones de *non-suit*, también incluye, *in fine*, una disposición aplicable a otras clases de desestimaciones. En específico, establece:

(c) [...] **A menos que el tribunal en su orden de desestimación lo disponga de otro modo, una desestimación bajo esta Regla 39.2 de este apéndice y cualquier otra desestimación, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos.** (Negrilla suplida).

El precitado inciso ilustra el efecto generalmente atribuible a las desestimaciones. Señala que **a menos que el tribunal lo disponga de otro modo,** una desestimación bajo la Regla 39.2 de Procedimiento Civil, *supra* —ya fuera por incumplimiento con las órdenes del tribunal, inactividad o por insuficiencia de prueba— tiene el efecto de una adjudicación en los méritos (*i.e.,* es con perjuicio). Incluso, la norma trasciende las desestimaciones decretadas bajo la Regla 39.2 de Procedimiento Civil, *supra*, y aclara ser igualmente aplicable cuando se trate de cualquier otra desestimación. Al mismo tiempo, de su texto surge que la consecuencia prevista por la Regla 39.2(c) de Procedimiento Civil, *supra*, es inaplicable cuando la desestimación haya sido dictada por falta de jurisdicción o por haberse omitido acumular una parte indispensable. Por supuesto, tampoco aplicaría si otra norma pauta un efecto específico para determinada desestimación. Empero, en ausencia de tales excepciones, la norma detallada cobija a cualquier desestimación decretada.

Partiendo de lo anterior, colegimos que cuando un tribunal desestima un pleito, generalmente tiene discreción para determinar si la desestimación será sin perjuicio, posibilitando así una posterior presentación de la misma reclamación. *Souchet v. Cosío*, 83 DPR 758, 762–763 (1961). Queda clara esta discreción cuando la Regla 39.2(c) de Procedimiento Civil, *supra*, menciona que **la desestimación tiene el efecto de una adjudicación en los méritos, "[a] menos que el tribunal en su orden de desestimación lo disponga de otro modo [...]".** (Negrilla suplida). Por lo tanto, en caso de no especificarse su efecto, generalmente la desestimación es con perjuicio. (Énfasis en el original y subrayado nuestro).

Es decir, salvo que el TPI disponga que una desestimación es sin perjuicio, se entenderá que la adjudicación es en los méritos. Ello así, porque la última oración comprendida en la Regla 39.2 (c)

de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2 (c), trasciende las desestimaciones contempladas bajo la propia norma. Ahora, la máxima curia especifica tres instancias en que la regla general no es aplicable: (1) cuando se dicta por falta de jurisdicción; (2) cuando se ha omitido acumular a una parte indispensable; y (3) cuando **"otra norma pauta un efecto específico para determinada desestimación"**. (Énfasis nuestro). *VS PR, LLC v. Drift-Wind, supra*, pág. 266-267. En particular a este último inciso, en la nota al calce número 11 de la *Opinión*, el alto foro señala las Reglas 22.1 (b) y **4.3 (c) de Procedimiento Civil**. Ambas normas establecen expresamente que la desestimación será sin perjuicio.

En el caso particular de la Regla 4.3 (c) de Procedimiento Civil, *supra*, ésta dispone que "[t]ranscurrido dicho término [120 días] sin que se haya diligenciado el emplazamiento, el Tribunal **deberá** dictar sentencia decretando la desestimación y archivo **sin perjuicio**". (Énfasis nuestro). Por consiguiente, "**[e]s sólo una subsiguiente desestimación y archivo por incumplimiento con dicho término que tendrá el efecto de una adjudicación en los méritos**". (Énfasis nuestro). Cuevas Segarra, *op. cit.*, pág. 313. Añade el tratadista que "se flexiona la norma, de manera que una parte no se beneficie en primera instancia de omisiones de procedimientos incurridos normalmente por la falta de seguimiento en el trámite del abogado demandante quien es el que en realidad controla el mismo". *Id.*, págs. 313-314.

En lo que atañe al caso de autos, la desestimación del pleito PO2019CV00946 fue sin perjuicio bajo el palio de las Reglas 22.1 y 39.2 de Procedimiento Civil. En esta ocasión, sin embargo, lo fue por no emplazar oportunamente a los demandados. Ésta es la primera desestimación por dicha causa específica. En la letra de la norma de procedimiento se dispone que la desestimación por un primer incumplimiento del término es sin perjuicio. A tales efectos,

por el resultado drástico de la adjudicación en sus méritos, se exige una interpretación restrictiva de la norma procesal. Por tal razón, como en este caso sólo ha ocurrido una primera desestimación por incumplimiento del término improrrogable del emplazamiento personal, procede modificar la *Sentencia* apelada a los fines de que la desestimación sea sin perjuicio, como lo dispone de manera prístina el texto de la norma citada y refrendada por el Tribunal Supremo.

**IV.**

Por los fundamentos expresados, se modifica la *Sentencia* apelada, a los únicos fines de que la desestimación sea sin perjuicio. Así modificada, se confirma.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones