Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| SUCESIÓN DE LEOCADIO LÓPEZ CORDERO COMPUESTA POR CANDIDA ROSA LÓPEZ AYALA Y OTROS<br><br>Demandantes Peticionarios<br><br>v.<br><br>SUCESIÓN DE LOCADIO LÓPEZ CORDERO COMPUESTA POR AWILDA LÓPEZ AYALA, ÁNGEL RAFAEL LÓPEZ AYALA Y OTROS<br><br>Demandados Recurridos | KLCE202401245 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Toa Alta<br><br>Caso Núm.: CD2015-1040<br><br>Sobre: División de Comunidad Hereditaria |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 20 de diciembre de 2024.

Comparecen la señora Awilda López Ayala, el señor Ángel López Ayala y el señor David López Ayala (conjuntamente "peticionarios") vía *certiorari* y solicitan que revoquemos la *Resolución* del Tribunal de Primera Instancia, Sala Superior de Toa Alta, emitida el 16 de octubre de 2024. En dicho dictamen, se dejó sin efecto la *Sentencia* emitida el 15 de mayo de 2018 por el mismo foro, pero se ordenó la continuación de los procedimientos de epígrafe por la parte peticionaria haberse sometido voluntariamente a la jurisdicción.

Por los fundamentos que expondremos, se expide el auto de *certiorari* y revocamos parcialmente la *Resolución* recurrida.

En síntesis, el caso de epígrafe trata de una demanda por división de una comunidad hereditaria presentada por la Sucesión de Leocadio López Cordero—compuesta en la demanda por la señora Cándida Rosa López Ayala, la señora Irma Iris López Ayala, la señora Anna Esther López Ayala—y la Sucesión de Anamaría Ayala Román, compuesta por la señora Cándida Rosa López Ayala, la señora Luz Elenia Ayala y la señora Irma Iris López Ayala (conjuntamente "recurridas"). Según alegan los peticionarios, los demandantes no les notificaron mediante emplazamiento personal o por edicto, por lo cual los peticionarios desconocían de la demanda presentada en el 2015 y su eventual resolución mediante *Sentencia* en el 2018.

Después de liquidada y divida la comunidad hereditaria, los peticionarios se enteraron de la existencia del caso y presentaron una moción de relevo de sentencia mediante una comparecencia especial sin someterse a la jurisdicción del foro primario. Igualmente presentaron declaraciones juradas independientes en abril de 2022 y mediante los cuales expusieron que la señora Cándida Rosa López Ayala conocía al menos desde el 2010 donde vivían estos y mantenían contacto telefónico. En cada una de las referidas declaraciones juradas, los peticionarios incluyeron que de haber conocido sobre la demanda habrían comparecido para defenderse. Finalmente, el 1 de septiembre de 2022 los peticionarios solicitaron relevo de sentencia por insuficiencia en el emplazamiento.

Evaluadas todas las mociones y los respectivos argumentos y luego de haberse celebrado una vista argumentativa, el foro primario

determinó mediante *Resolución* que se dejare sin efecto la *Sentencia* y, en consecuencia, se continuare los procedimientos de epígrafe ya que los peticionarios se sometieron voluntariamente a la jurisdicción del Tribunal Primario. Ante esto, los peticionarios solicitaron reconsideración y alegaron que estos nunca se habían sometido a la jurisdicción y, por tanto, procedía la desestimación del pleito. El foro primario resolvió sin lugar a la referida moción.

Insatisfechos, los peticionarios recurren ante este Tribunal y alegan que el foro primario erró (1) al ordenar la continuación de los procedimientos a pesar de haber determinado que no tenía jurisdicción sobre los demandados por emplazamiento nulo; y (2) al determinar que los demandados se sometieron a la jurisdicción del Tribunal de Primera Instancia. La parte apelada no presentó su alegato aun cuando se le dio la oportunidad.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos. Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994 (2021) (citando Art. 670 del Código de Enjuiciamiento Civil de 1933 (32 LPRA sec. 3491); *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703 (2019)). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden de carácter dispositivo o resolución según las Reglas 56 y 57 de *Procedimiento Civil*. Regla 52.1 de Procedimiento Civil, *supra*. Por lo tanto, la función del Tribunal Apelativo frente a la revisión de controversias a través del

*certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. Véase, también, *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310 (2021) (citando a *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000); *Meléndez v. Caribbean Int'l News*, 151 DPR 649 (2000)).

Por otro lado, nuestro ordenamiento establece un mecanismo procesal para solicitar el relevo de los efectos de una sentencia, a fin de evitar que se vean frustrados los fines de justicia. Véase Regla 49.2 de Procedimiento Civil, *supra*;*Pérez Ríos et al. v. CPE*, 2023 TSPR 136, 213 DPR \_\_\_\_ (2023). Específicamente, dispone que se podrá relevar a una parte o a su representante legal de una sentencia, entre otras causas, por nulidad, error, inadvertencia, sorpresa o negligencia excusable. Regla 49.2 de Procedimiento Civil, *supra*. Asimismo, el relevo no limitará el poder del tribunal para (1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento; (2) conceder un remedio a una parte que en realidad no haya sido emplazada; y (3) dejar sin efecto una sentencia por motivo de fraude al tribunal. Id. Sin embargo, para obtener el relevo es necesario que el promovente haya sido diligente en la tramitación del caso. *Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR 283 (1988).

Cónsono con lo anterior, un tribunal solo tendrá jurisdicción sobre una persona si esta fue debidamente emplazada, de conformidad con el derecho constitucional del debido proceso de ley. *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, 207 DPR 636 (2021) (citando a *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018); *Torres Zayas v. Montano Gómez et als.*, 199 DPR 458 (2017); *Quiñones Román v. Cía. ABC*, 152 DPR 367 (2000); *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901 (1998)). De esta manera, el demandado podrá comparecer ante el foro primario, ejercer su derecho a ser oído y defenderse. *Bernier González v. Rodríguez Becerra*, *supra* (citando a *Banco Popular v. S.L.G. Negrón*, 164 DPR 855 (2005)). De no ser emplazado conforme a ley, el foro primario deberá declarar su falta de jurisdicción y desestimar la reclamación sin entrar en sus méritos. *Peña Lacern v. Martínez Hernández et al.*, 210 DPR 425 (2022) (citando a *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254 (2018)). En otro sentido, si un tribunal decreta una sentencia sin el demandado haber sido correctamente emplazado conforme a ley, tal dictamen será nulo. *Álvarez v. Arias*, 156 DPR 352 (2002) (citando a *Acosta v. ABC, Inc.*, 142 DPR 927 (1997)).

Ahora bien, nuestro ordenamiento dispone que cualquier demandado puede renunciar al requisito de la notificación formal cuando se somete voluntariamente a la jurisdicción del tribunal primario, es decir, cuando comparece voluntariamente y realiza algún acto sustancial que la constituya parte en el pleito. Véase *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854 (2015); *Vázquez v. López*, 160 DPR 714 (2003); *Álvarez v. Arias*, *supra*; *Qume Caribe, Inc. v. Srio. de Hacienda*, 153 DPR 700 (2001). Dicha parte demandada podrá

someterse a la jurisdicción, tal como mediante el cumplimiento voluntario con las órdenes del tribunal o, a solicitud de este, la presentación de documentos pertinentes dirigidos a dilucidar la reclamación que incoe la parte demandante en su contra. *Vázquez v. López, supra* (citando a *Qume Caribe, Inc. v. Srio. de Hacienda*, *supra*). Por tanto, la comparecencia voluntaria suple la omisión del emplazamiento y, en efecto, es suficiente para que el foro primario adquiera jurisdicción sobre la persona bajo las garantías del debido proceso de ley. Id. Sin embargo, un demandado no comparece ante el foro primario cuando expresa explícitamente que no se somete a la jurisdicción del foro y no presenta alegaciones responsivas. Véase *Cirino González v. Adm. Corrección et al.*, 190 DPR 14 (2014).

En el presente caso, el Tribunal de Primera Instancia erró al ordenar la continuación de los procedimientos judiciales dentro del mismo caso. Tal como nuestro ordenamiento elucida, al momento que se conozca que unas partes no fueron emplazadas conforme a ley, el foro primario deberá declarar su falta de jurisdicción y desestimar la reclamación sin ninguna evaluación adicional de los méritos. Asimismo, del expediente no se desprende que los peticionarios se hayan sometido voluntariamente a la jurisdicción del Tribunal de Primera Instancia, esto a razón de sus expresiones claras en cuanto a que no se sometían voluntariamente a dicha jurisdicción. Por tanto, al concederse la nulidad de la *Sentencia* en controversia, debió desestimarse la demanda presentada por los recurridos.

Por los fundamentos expresados, expedimos el auto de *certiorari*, revocamos parcialmente la *Resolución* recurrida y

ordenamos la desestimación del caso pendiente ante el Tribunal de Primera Instancia.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones