ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| VELMOC, INC.<br><br>Recurrido<br><br><br>V.<br><br><br>AUTOMOTIVE SOLUTION, CORP.<br><br>Recurrente | TA2025CE00317 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2025CV00567<br><br>Sobre:<br><br>Cobro de Dinero y Desahucio |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de septiembre de 2025.

Automotive Solutions, Corp. (peticionario), nos solicita que revisemos la *Orden* que notificó el Tribunal de Primera Instancia, Sala de Humacao (TPI), el 21 de julio de 2024. Mediante esta, el foro primario denegó la moción de ausencia de jurisdicción presentada por el peticionario.

Por los fundamentos que expondremos a continuación, denegamos expedir el auto de *Certiorari*.

## I.

El 6 de mayo de 2025, Velmoc, Inc. (recurrido), presentó una *Demanda* en cobro de dinero y desahucio contra Automotive Solutions, Corp.[1] El 15 de mayo de 2025, ocho (8) días después de radicada la demanda, el Velmoc, Inc., presentó un Proyecto de

---

[1] Entrada #1 del Sistema Unificado de Manejo y Administración de Casos de Primera Instancia (SUMAC TPI).

Emplazamiento.[2] Ante esta solicitud, la Secretaria del Tribunal expidió los emplazamientos.[3] El 19 de mayo de 2025, VELMOC, INC., presentó el referido emplazamiento en el cual sostuvo que emplazó al peticionario por conducto del señor Miguel Negrón.[4]

Luego, el 18 de junio de 2025, Automotive Solutions, Corp., compareció sin someterse a la jurisdicción para plantear que el Tribunal carecía de jurisdicción.[5] En específico, argumentó que, de una rápida búsqueda en el Departamento de Estado, se evidencia que Miguel Negrón no es el agente residente de la corporación ni es una persona con autoridad legal para que se entienda emplazada la Automotive Solutions, Corp. El 1 de julio de 2025, el recurrido presentó su oposición en cuanto a la supuesta ausencia de jurisdicción.[6] Allí, sostuvo que este emplazó a la persona gerencial a cargo del negocio, el señor Miguel Negrón, el cual resulta ser la persona con autoridad en el lugar, gerente, dueño y/o administrador del lugar, y que además es esposo o compañero consensual de la agente residente.

Finalmente, el 18 de julio de 2025, notificada el 21 de julio de 2025, el TPI mediante *Orden* declara *No Ha Lugar* la solicitud de anulación de emplazamiento.[7] El 21 de julio de 2025, el foro primario emitió la siguiente orden: *Parte demandada presente su alegación responsiva en un término de veinte (20) días.*

Inconforme, el 18 de agosto de 2025, el peticionario interpuso el recurso de *Certiorari* el cual alega que se cometió el siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ACTUO CONTRARIO DERECHO, AL DETERMINAR NO HA LUGAR LA SOLICITUD DE

---

[2] Entrada #2 de SUMAC TPI.
[3] Entrada #4 de SUMAC TPI.
[4] Entrada #5 de SUMAC TPI.
[5] Entrada #7 de SUMAC TPI.
[6] Entrada #9 de SUMAC TPI.
[7] Entrada #10 de SUMAC TPI.

ANULACIÓN DE EMPLAZAMIENTO Y SOLICITAR SE PROCEDA A PRESENTAR LA CONTESTACIÓN DE LA DEMANDA, CUANDO NO SE HA ADQUIRIDO JURISDICCIÓN SOBRE UNA PERSONA JURÍDICA CONFORME AL TRÁMITE DISPUESTO EN LA LEY DE CORPORACIONES.

## II.

### A.

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023); Rivera et al. v. Arcos Dorado et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 403 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012). Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del Foro Apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016).

En particular, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece los preceptos que regulan la expedición del recurso discrecional de *certiorari*, por parte del Tribunal de Apelaciones, para la revisión de determinaciones interlocutorias del Tribunal de Primera Instancia. En lo pertinente, la regla dispone que,

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o

peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales. 32 LPRA Ap. V, R. 52.1

Al evaluar un recurso de *certiorari* nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas.*, Reglamento TA, 2025 TSPR 42, 215 DPR ___ (2025), que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida Regla dispone lo siguientes criterios:

a. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

b. Si la situación de hechos planteada es la más indicada para el análisis del problema.

c. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

d. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

e. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

f. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

g. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**B.**

El emplazamiento es un mecanismo procesal que tiene el propósito de notificar al demandado sobre la existencia de una reclamación incoada en su contra y, a su vez, es a través de este mecanismo que el tribunal adquiere jurisdicción sobre la persona del demandado. <u>Pérez Quiles v. Santiago Cintrón</u>, 206 DPR 379, 384 (2021). De esta forma, el emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial". Íd. Se trata de una exigencia del debido proceso de ley, "por lo que se requiere una estricta adhesión a sus requerimientos". <u>Cirino González v. Adm. Corrección et al.</u>, 190 DPR 14, 30 (2014). Una vez emplazado, el demandado podrá comparecer al juicio, ejercer su derecho a ser oído y presentar prueba a su favor. <u>Pérez Quiles v. Santiago Cintrón</u>, *supra.* Por ello, a los demandados les asiste el derecho de ser emplazados conforme a derecho. <u>Bernier González v. Rodríguez Becerra</u>, 200 DPR 637, 644 (2018); <u>Sánchez Rivera v. Malavé Rivera</u>, 192 DPR 854, 869 (2015).

En nuestro ordenamiento procesal, un tribunal adquiere jurisdicción sobre la persona del demandado de dos maneras distintas: cuando se utilizan adecuadamente los mecanismos procesales de emplazamiento establecidos en las Reglas de Procedimiento Civil o cuando la parte demandada se somete voluntariamente a la jurisdicción del tribunal, explícita o tácitamente. <u>Cirino González v. Adm. Corrección et al.</u>, *supra*, pág. 29. Así pues, los tribunales no pueden actuar sobre la persona de un demandado si no adquieren autoridad, es decir, jurisdicción, sobre esa persona. Íd., pág. 37.

En cuanto al término designado para diligenciar un emplazamiento, la Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V, instituye como sigue:

> [...]
> (c) El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

En lo pertinente al caso que nos ocupa, la Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, dispone que el emplazamiento a una corporación se efectuará de la siguiente manera:

> El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega. El diligenciamiento se hará de la siguiente manera:
>
> [...]
>
> (e) A una corporación, compañía, sociedad, asociación o cualquier otra persona jurídica, entregando copia del emplazamiento y de la demanda a un o una oficial, gerente administrativo, agente general o a cualquier otro u otra agente autorizado o autorizada por nombramiento o designado por ley para recibir emplazamientos. . .

## C.

Pese a que, un tribunal adquiere jurisdicción sobre una corporación mediante el cumplimiento de la Regla 4.4(e) de Procedimiento Civil, *supra*, la legislatura adoptó un mecanismo alterno para adquirir jurisdicción sobre dichas entidades. SLG Rivera-Pérez v. SLG Díaz-Doe et al., 207 DPR 636, 648-649

(2021). La Ley General de Corporaciones de 2009, Ley Núm. 164-2009, 14 LPRA sec. 3501 *et seq.*, establece la forma y manera en que se diligenciará el emplazamiento a una corporación. Esta, al ser una ley especial, tiene preeminencia sobre la norma establecida en las Reglas de Procedimiento Civil, *supra*. A esos efectos, el Artículo 12.01 de la Ley General de Corporaciones, dispone lo siguiente:

> (a) Se emplazará a cualquier corporación organizada en el Estado Libre Asociado entregando personalmente una copia del emplazamiento a cualquier oficial o director de la corporación en el Estado Libre Asociado, o al agente inscrito de la corporación en el Estado Libre Asociado, o dejándola en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito (si el agente inscrito es un individuo) en el Estado Libre Asociado, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado. Si el agente inscrito fuere una corporación, se podrá efectuar el emplazamiento a través de dicha corporación en calidad de agente, mediante la entrega en el Estado Libre Asociado de una copia del emplazamiento al presidente, vicepresidente, secretario, subsecretario o cualquier director del agente residente corporativo. El emplazamiento diligenciado mediante la entrega de una copia en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado, para ser eficaz, deberá dejarse en presencia de un adulto por lo menos seis (6) días previos a la fecha del señalamiento del procedimiento judicial y el emplazador, informará claramente, la forma de diligenciamiento en la notificación de la misma. Si la comparecencia ha de ser inmediata, el emplazamiento deberá entregarse en persona al oficial, director o agente residente.
>
> (b) Cuando mediante la debida diligencia no pudiere emplazarse una corporación entregando el emplazamiento a cualquier persona autorizada para recibirlo, según lo dispuesto en el inciso (a) de esta sección, tal emplazamiento, se diligenciará según lo dispuesto en las Reglas de Procedimiento Civil del Estado Libre Asociado. 14 LPRA sec. 3781.

De lo anterior, la persona a través de quien se diligencia el emplazamiento tiene que ser aquella cuya relación con la corporación convierte en razonable la expectativa de que la entidad quedará notificada del pleito en su contra. SLG Rivera-Pérez v. SLG Díaz-Doe et al., *supra*, págs. 651-652 (citando a C.E. Díaz Olivo, *Corporaciones: Tratado sobre derecho corporativo*,

2da ed. rev., Colombia, Ed. AlmaForte, 2018, pág. 169). Así pues, no es suficiente con entregar el emplazamiento a cualquier recepcionista o empleado de la corporación. Íd., pág. 652. Por tanto, lo verdaderamente importante es que la persona se encuentre en una posición con suficiente responsabilidad como para que una persona razonable pueda presumir que transmitirá o remitirá a sus superiores cualquier emplazamiento y demanda. Íd.; Lucero v. San Juan Star, 159 DPR 494, 513 (2003); Quiñones Román v. Cía. ABC, 152 DPR 367, 379–380 (2000).

### III.

Automotive Solutions, Corp., solicita la revocación de la *Orden* que emitió el TPI, mediante la cual denegó la solicitud para que se anule el emplazamiento.

El peticionario alega que el señor Miguel Negrón no es una persona con autoridad legal para emplazar conforme a derecho a la corporación, Automotive Solutions, Corp. No obstante, este se limita únicamente a indicar que este no es el agente residente, sin especificar cuál puesto ocupa en la referida corporación. Por su parte, mediante moción presentada al TPI, el recurrido sostuvo que el señor Miguel Negrón es la persona gerencial a cargo del negocio y que, además, es el esposo o compañero consensual de la agente residente.[8] De lo anterior, no surge del expediente que el peticionario haya negado dicha alegación. Es sabido, que el emplazamiento no se limita al agente residente, sino que puede ser una persona que se encuentre en una posición con suficiente responsabilidad como para que una persona razonable pueda presumir que transmitirá o remitirá a sus superiores cualquier emplazamiento y demanda.

---

[8] Véase, Entrada #9 de SUMAC TPI.

Por tanto, la determinación cuestionada resulta razonable y no requiere nuestra intervención. El peticionario no ha identificado evidencia alguna en el expediente o actuación errada alguna del foro primario que justifique nuestra intervención, en esta etapa, con el dictamen recurrido. Tampoco encontramos que concurra alguno de los criterios necesarios para expedir el auto de *Certiorari.*

**IV.**

Por los fundamentos expuestos, se deniega la expedición del auto de *Certiorari*.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.  La Juez Grana Martínez concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones